## The Middletown Bank *against* Jerome.

The fact that there was no consideration, or no fair consideration, for negotia-
ble paper, between the original parties to it, is no defence against it, in the
hands of a *bona fide* indorsee.

In an action brought by *A*, the indorsee of a promissory note, against *B*, the
maker, the defence set up was, that the note was accommodation paper, giv-
en without consideration and fraudulently obtained by *C*, the payee. To
prove these facts, *B* offered in evidence, as part of the *res gesta*, a writing,
signed by *C*, bearing the same date as the note, and showing that sundry
notes of *B*, and among them the one in suit, were received by *C*, to raise
money on for the purchase of wool, and that *C* was to take up the paper
himself and save *B* harmless; but there was no evidence to show when this
writing was executed, except its date. The court allowed this writing to be
read to the jury, but instructed them, that if they should find that *A* receiv-
ed the note in question, in the usual course of business, *bona fide*, and upon

*New-Haven,*
June, 1847.

Middletown
Bank
*v,*
Jerome.

good consideration paid, before it became due, and without knowledge of fraud or want of consideration, the writing should be laid out of the case and disregarded. After a verdict for the plaintiff, it was held, that the course taken by the court was unexceptionable.

If a person, by his words or conduct, intentionally induces another to believe a fact, and upon its truth to commit his interests, he shall not be permitted afterwards to deny that fact, in order to throw off responsibility.

A further ground of defence to such action was, that the note was usurious in its inception, and therefore void in the hands of the plaintiff; the defendant claiming, that by the laws of *New-York,* where the note was made and nego_tiated, an accommodation note, put off by the payee, to raise money, at a greater discount than seven *per cent. per annum,* is usurious, even in the hands of a person who took it ignorant of its character; and that this was such a note, and was so discounted. To repel this defence, it was shown, by the plaintiff, that the defendant, for the purpose of enabling the payee to negotiate the note, had given a writing, signed by him, in the following terms— " any note or notes, which may be offered, by the bearer, for discount or otherwise, signed by me, and payable to the order of *F. M.* [the payee] and dated *March* 1st, 1844, [the date of this note,] are good and true business notes." This writing was put forth, by the defendant, to induce third persons to take the notes therein mentioned as business notes; and the note in question was received and discounted upon the faith and credit of such writing. Held, that the defendant was estopped to deny that this was good business paper, as against the plaintiff, the *bona fide* indorsee of one who has so received and discounted it.

THIS was an action brought by the plaintiffs, as indorsees and holders of a promissory note, made by the defendant, for 2000 dollars, dated *March* 1st, 1844, and payable to *Franklin Merrills,* or order, four months after date. The defendant pleaded the general issue, with notice of special matter to be given in evidence, by way of defence.

The cause was tried at *New-Haven, October* term 1846, before *Church,* J.

The note declared on being produced in evidence, the defendant's signature thereto was admitted. It was further proved and admitted, that on the 5th of *March* 1844, the note was discounted, by *Ketchum, Rogers & Bement,* brokers in the city of *New-York,* who purchaased it for the sum of 1875 dollars, the discount being at the rate of about nineteen *per cent. per annum,* of *Franklin Merrills,* the payee; he, at the same time, indorsing it and delivering it to them. On the 8th of *March* 1844, the note thus indorsed by *Merrills* to *Ketchum, Rogers & Bement,* was by them indorsed and delivered to the plaintiffs; and on the 12th of that month, it was discounted, by the plaintiffs, at their banking-house in *Middle-*

*New-Haven,*
June, 1847.

Middletown
Bank
*v.*
Jerome.

*town,* for *Ketchum, Rogers & Bement,* at the rate of four and an half *per cent. per annum,* and the avails were placed to their credit on the books of the bank; there being an open account between them and the plaintiffs. When the note came to maturity, it was not paid, and was thereupon duly protested for non-payment.

The defendant, for the purpose of showing that the note, in the hands of *Merrills,* was mere accommodation paper, and wholly without consideration, and had been fraudulently obtained from the defendant, offered in evidence a receipt of *Merrills,* dated *New-York, March* 1st, 1844, [recited in the case of *Roe* v. *Jerome, ante, p.* 142.] unaccompanied by any other evidence of the time when it was signed and delivered than the date; the defendant claiming, that such receipt was admissible in evidence, as part of the *res gesta,* and to show that the note in question, being one of the notes described therein, was accommodation paper.   To the admission of this receipt in evidence the plaintiffs objected.   The court permitted it to be read in evidence; but afterwards charged the jury, that if they should find from the other evidence in the cause, that the plaintiffs received and discounted said note in the usual course of business, *bona fide,* and upon good consideration paid, before it became due, without knowledge of fraud or want of consideration, the receipt of *Merrills* should be laid out of the case, and it would be the duty of the jury to disregard it.

The plaintiffs then introduced in evidence a certificate of the defendant, in the following words: "To whom this may concern: any note or notes, which may be offered by the bearer, for discount or otherwise, signed by me, and payable to the order of *Franklin Merrills,* and dated *March* 1st, 1844, are good, true business notes.   *New-York, March* 1st, 1844. *Chauncey Jerome."*   The plaintiffs thereupon claimed, that the defendant was estopped from proving, that the note in question was an accommodation note.

The defendant claimed, that it was made by him in the state of *New-York,* and was there discounted, by *Ketchum, Rogers & Bement:* and that if it was merely accommodation paper, as he claimed it was, and if they discounted it for the sum of 1875 dollars, being at a discount of about nineteen *per cent. per annum,* it was, by the laws of the state of

*New-York*, usurious and void, at its inception, whether *Ketchum, Rogers & Bement*, at the time of discounting it, knew that it was an accommodation note or not, or whether it had been obtained by fraud or not; and the defendant requested the court so to instruct the jury.

The court did so instruct the jury; but further instructed them, that if *Ketchum, Rogers & Bement* received and discounted said note, upon the faith and credit of said certificate of the defendant, believing it to be a good business note, such discounting would not be an usurious transaction, either by the laws of the state of *New-York*, or of this state.

The defendant further claimed, that the court should charge the jury, that the defendant was not estopped, by said certificate, from showing the note to be an accommodation note, for the purpose of establishing the defence of usury, even if *Ketchum, Rogers & Bement* discounted the note upon the faith of said certificate.

The court did not so charge the jury; but charged them, that if upon the faith of said certificate, the note was discounted by *Ketchum, Rogers & Bement*, at a rate of more than seven *per cent.* interest, the defendant was estopped to show it to be an accommodation note, as well to establish the defence of usury, as for any other purpose, although in truth the note was an accommodation note.

There was no evidence offered on the trial, to prove that *Ketchum, Rogers & Bement* knew that the note was accomodation paper; nor that it had been fraudulently obtained, by *Merrills*, from the defendant, in any other way than by making the representations and promises contained in said receipt of his, and not performing them.

The jury returned a verdict for the plaintiffs; and the defendant thereupon moved for a new trial.

*Kimberly* and *Beach*, in support of the motion, after remarking, that the note in question, having been made, and indorsed, both by the payee and *Ketchum, Rogers & Bement*, in the city of *New-York*, and being payable there, was to be governed by the laws of *New-York*, contended, 1. That by the laws of that state, the taking of accommodation paper at a discount greater than the lawful rate of interest, is usury,

whether the person taking it knew it to be accommodation paper, or not; and the paper, in the hands of such person, is therefore void. *Johns* v. *Hake,* 2 *Johns. Ca.* 60. *Wilkie* v. *Roosevelt,* 3 *Johns. Ca.* 66. 206. *Munn* v. *The Commission Company,* 15 *Johns. R.* 55. *Bennet* v. *Smith,* Id. 355. *Powell* v. *Walters,* 17 *Johns. R.* 176. 181. S. C. in err. 8 *Cow.* 669. *Aeby* v. *Rapelye,* 1 *Hill* 9.

*New-Haven,*
June, 1847.

Middletown
Bank
*v.*
Jerome.

2. That the receipt of *Merrills* should have been received, to prove that the note in question was given without consideration. It must be conceded, in the first place, that if the receipt was given when by its date it purports to have been, it was admissible as part of the *res gesta.* Secondly, the date of an instrument is *prima facie* evidence of the time of its execution. *Taylor* v. *Kinloch,* 1 *Stark. Ca.* 175. *Hunt* v. *Massey,* 5 *B. & Adol.* 902. (27 *E. C. L.* 230.) *Anderson* v. *Warton,* 8 *Scott* 585. Thirdly, *Ketchum, Rogers & Bement* stand upon the title of *Merrills,* the payee, and are in privity with him. *Keach* v. *Lloyd,* 2 *Conn. R.* 175.

4. That the court erred in deciding that the defendant was estopped, by his certificate, from showing usury in the discount of the note. In the first place, estoppels, under any circumstances, are not to be favoured. 4 *Term R.* 254. *per* Lord *Kenyon.* 4 *Mass. R.* 181. *per Parsons,* Ch. J. 3 *Hill* 221. *per Bronson,* Ch. J. Secondly, the taking of usury in the state of *New-York,* is, by the laws of that state, a *penal offence.* 1 *Rev. Stat.* 772. And no man can, by any instrument, however solemn, estop himself from setting up *illegality* in the transaction. Thirdly, the object of the doctrine of estoppels is to prevent fraud; but to give the certificate the effect claimed, would be to aid in the perpetration of fraud. *Smith's Lead. Ca.* 469.

*Baldwin* and *C. A. Ingersoll,* contra, contended, 1. That the defence of usury could not be set up successfully, in this case. In the first place, the transaction between *Merrills* and *Ketchum, Rogers & Bement,* was not an usurious loan. There was no corrupt agreement; and if so, it was not usury. *Smith* v. *Beach,* 3 *Day* 268. *Bank of Utica* v. *Wager,* 2 *Cowen* 712. Secondly, the note, when made and delivered to the payee, not being contaminated with usury, nothing done afterwards between the payee and an indorsee, will make it usu-

rious.    The indorsee may stand in no better situation than the payee ; and therefore, not entitled to recover, if there was no value between the payee and the maker.    But the note is as good as when the payee had it.    As it was not usurious in his hands, it is not usurious after he has parted with it.    *Wilkie* v. *Roosevelt,* 3 *Johns Ca.* 207. *per Thompson,* J.    *Nichols* v. *Fearson,* 7 *Peters,* 106. 109. *per Johnson,* J.    *Braman* v. *Hess,* 13 *Johns. R.* 52.    *Munn* v. *The Commission Company,* 15 *Johns R.* 44.    *Knights* v. *Putnam,* 3 *Pick.* 184.    *Parr* v. *Eliason* & al. 1 *East,* 92.    Thirdly, if the transaction between *Merrills* and *Ketchum, Rogers & Bement* was usurious, still the defendant cannot take advantage of it, as he was not a party to the usury.    *Reading* v. *Weston,* 7 *Conn. R.* 409.    *Boardman* v. *Rowe,* 13 *Mass. R.* 104.    *De Wolfe* v. *Johnson,* 10 *Wheat.* 367.    But fourthly, the question of usury between *Merrills* and *Ketchum, Rogers & Bement* does not legitimately come up, in this case.    The plaintiffs do not claim from the latter, but from *Merrills.*    They take his right, with the additional right which the law gives them in consequence of their having taken the note in the ordinary course of business, having paid value for it, without notice of any want of consideration, without fraud and before due.    Under these circumstances, the plaintiffs are clearly entitled to recover.

2. That the defendant, by the certificate given by him, upon the faith and credit of which *Ketchum, Rogers & Bement* took the note, and advanced their money upon it, is now estopped from saying that it is not a business note.    *Roe* v. *Jerome,* ante 138. 158.    *Brown* v. *Wheeler,* 17 *Conn. R.* 346.    *Packard* v. *Sears,* 6 *Ad. & El.* 477. (33 *E. C. L.* 155.)

3. That the writing signed by *Merrills,* dated *March* 1st, 1844, offered in evidence to show, that the note was mere accommodation paper, and had been obtained without consideration and by fraud, was not admissible as evidence against the plaintiffs.    In the first place, to make that writing admissible as part of the same transaction as the giving of the note, it should have been accompanied with proof that it was executed and delivered *at the time.*    This the date alone does not prove, as against the plaintiffs.    *Kent* v. *Lowen,* 1 *Campb.* 177.    *Collenridge* v. *Farquarson,* 1 *Stark. Ca.* 259.    *Edwards* v. *Crock,* 4 *Esp. R.* 39.    Secondly, there was no evidence offered to show that the writing was *delivered at all.*

An instrument may be presumed to have been delivered, when it is found in the possession of the party entitled to it ; but there was no proof that it was ever in the hands of the defendant until it was offered in evidence at the trial. Thirdly, it appears from the writing itself, that it was not executed at the time the note was given. It speaks of notes which *Merrills had received.* Fourthly, if the writing was executed before the negotiation of the note, the plaintiffs are not to be affected by it. The declarations of the holder of a bill, made while it was in his possession, are not admissible against a subsequent holder, who paid value for it, under an indorsement made before maturity, in the ordinary course of business. *Smith* & al. v. *Wruitz, Ry. & Moo.* 212. (21 *E. C. L.* 419.) *Barough* v. *White*, 4 *B. & Cres.* 325. (10 *E. C. L.* 345.) *Beauchamp* v. *Parry*, 1 *B.* & *Adol.* 89. (20 *E. C. L.* 351.) *Kent* v. *Walton*, 7 *Wend.* 256. *Whitaker* v. *Brown*, 8 *Wend.* 490.

4. That it appeared from the motion, that the title of the note was, at the commencement of the suit and at the time of trial, in the plaintiffs, and not in *Ketchum, Rogers & Bement.*

ELLSWORTH, J. One claim made by the defendant, is, that the note in suit is accommodation paper,—given without consideration, and fraudulently obtained by the payee. To prove those facts, the receipt of *Merrills* was offered in evidence, as a part of the *res gesta*, but without any proof of the time of its execution, except the date of the receipt. The plaintiffs denied that the receipt was a part of the *res gesta*, and claimed that its date, alone, was no evidence of the time of its execution, as it respects third persons. But the court allowed the receipt to be read to the jury, informing them, however, that if the plaintiffs received said note, *bona fide*, upon good consideration paid, in the usual course of business, and before the same became due, and without knowledge of fraud or want of consideration, then said receipt became unimportant. Whether the receipt was correctly admitted or not, we perceive no ground of complaint in the matter, since it became unimportant, under the charge given by the court, which is unexceptionable. The objection by the defendant

VOL. XVIII. 57

*New-Haven,*
June, 1847.

Middletown
Bank
*v.*
Jerome.

amounted only to this, that there was no consideration, or no fair consideration, between the original parties to the note, which is no objection at all against *bona fide* indorsees, as the jury have found the plaintiffs to be.

A further objection is, that the note was usurious in its inception, and therefore void in the hands of the plaintiffs.    To reach this result, the defendant claimed, that the giving of this note was a *New-York* transaction, and to be governed by the law of *New-York ;* and that by that law, an accommodation note, put off by the payee, to raise money, at a greater discount than seven *per cent. per annum,* even to a person ignorant of the character of the note, is obnoxious to the charge of usury : and further, that this note was an accommodation note, and purchased by *Ketchum, Rogers & Bement,* at a discount exceeding seven *per cent.*    An answer to all this is, that the defendant gave a certificate, that this was not an accommodation note, but a business note ; a certificate executed and put forth by the defendant, to induce third persons to take the note as a business note ; and what is quite important, in the opinion of the court, that *Ketchum, Rogers & Bement* received and discounted said note, upon the " faith and credit" of said certificate.    This is in accordance with a well settled principle, that if a person, by his words or conduct, intentionally induces another to believe a fact, and upon its truth to commit his interests, he shall not afterwards deny the fact, in order to throw off responsibility.    Had the defendant claimed, and had the jury found, that this certificate was a cover for usury, and that in truth the whole was a mere pretence, and *Ketchum, Rogers & Bement* did not take this note as a business note, upon the faith and credit of said certificate, a question of a serious character might have arisen ; but now, there is no room for a question.

Several other questions have been discussed ; as, whether the law of *New-York* be, as it was held to be, by the judge ; whether the note, on the facts conceded, was in truth an accommodation note, in the hands of the payee ; whether the date of a paper is, except as to the parties to it, *prima facie* evidence of the time of its execution ; and some allusion has been made to the matter of title; but these questions are not

material, in the view of the case taken by the court, and are, therefore, passed by.

    We advise that there be no new trial.

In this opinion the other Judges concurred.

New trial not to be granted.