WEST WINSTED SAVINGS BANK AND BUILDING ASSOCIATION *vs.* ROBERT R. FORD.

The corporate character of a corporation plaintiff, and its capacity to sue, are admitted by a plea to the merits : and its want of such character or of capacity to sue must be taken advantage of by a plea in abatement.

In 1852, F and twenty-five others associated as a corporation under the provisions of the act of 1850, (Rev. Stat., Comp. of 1854, p. 213,) and formed the West Winsted Savings Bank and Building Association. To comply with the 5th section of the act they left a copy of their articles and by-laws with the town clerk of the town of W, where the association was located, but without the signatures of the persons forming the association annexed ; and then commenced business as a corporation and prosecuted it for several years. In 1854, F, still being a member, obtained a loan of one thousand dollars from the association, paying them a bonus of 28 per cent. therefor, and gave them his note for the amount. To secure the note he executed a mortgage deed to the association by their corporate name, describing them as a body politic and corporate. The deed proving defective, the corporation brought a petition against F, praying that he be compelled to make a good conveyance, and for a foreclosure of the mortgaged premises. Held 1st. That F was estopped from denying the corporate existence of the petitioners, and their existence as a corporation with the special powers conferred by the statute under which they were organized. 2. That the bonus of 28 per cent. was not usurious under the statute. 3. That the petitioners were entitled to the relief sought.

The statute with regard to Savings and Building Associations requires that every association formed under the act shall consist of not less than twenty-five members, and that it shall, before it can acquire a corporate character, deposit with the town clerk " a copy of its articles of association." Whether it is necessary that the copy should contain the names of the members as subscribed to the original articles :—*quere.*

Whether, where the state has recognized such an association as a corporation, or has acquiesced for a long time in its exercise of corporate powers, an individual can take advantage of a defect in its original organization :—*quere.*

West Winsted Savings Bank and Building Association *v.* Ford.

PETITION IN EQUITY. The West Winsted Savings Bank and Building Association was formed on the 19th of March, 1852, by the association of twenty-five persons, of whom the defendant was one, as a corporation, under the provisions of an act passed in the year 1850, entitled "an act authorising the establishment of Savings Banks and Building Associations," and was located at Winchester in Litchfield county. All the provisions of the act were complied with except one in the fifth section, which required that a copy of the articles of association should be lodged with the town-clerk.* An attested copy of their articles of association was left with the town clerk of the town of Winchester, which was complete in all respects except that the names of the persons composing the association, and which were subscribed to the original articles, were not annexed thereto. The officers of the association were elected before the copy was left with the town clerk. The petitioners, under the name of the West Winsted Savings Bank and Building Association, at once commenced business, and continued to carry it on from that time until the commencement of the present suit. On the 10th day of July, 1854, the defendant applied to the association for a loan of money, and obtained one of $1,000, for which he gave his note to the association, and agreed to secure the same by a good mortgage deed of certain premises owned by him; and thereupon executed and delivered to the association a mortgage for that purpose, but by inadvertence, one of the witnesses to the deed was a stockholder of the association and interested in the security taken for the loan. A bonus of 28 per cent. was charged by the plaintiffs on the loan, and the balance, viz: $720, was paid to the respond-

---

* The fifth section of the act of 1850, is as follows:—

"Such association shall deposit with the town clerk, in the town where it is situated, to be lodged on file in his office, a copy of its articles of association and by-laws, and its legal existence as a corporation shall commence from the time said copy is so left with said town clerk. Copies of all alterations and amendments of said articles and by-laws shall also be left with said town-clerk, to be lodged on file as aforesaid; and such alterations and amendments shall not take effect until copies thereof, signed by its president, and verified by his oath, shall be so left."

ent and was all he ever received. The respondent was at the time of obtaining the loan and ever since has been a member and stockholder of the association. The petitioners prayed for a good and valid mortgage deed and for a foreclosure of the mortgaged premises. The answer of the respondents was a general denial. The petition was dated July 27th, 1855.

The facts were found by the superior court and the case reserved for the advice of this court.

*Hall* and *Hitchcock*, for the petitioners.

1. The petitioners are a corporation, and as such can maintain this suit. 1st. In organizing as such, it is very clear that they have substantially complied with the requirements of the statute. Rev. Stat., (Ed. 1854,) p. 218. Ang. & Ames on Corp., secs. 83, 94. 2d. These requirements have been literally complied with. It is admitted that all have been except that of the 5th section, which requires a deposit of the articles and by-laws of the association with the town clerk before the corporation can commence its existence. We claim that this provision was complied with, by leaving with the town clerk of the town of Winchester a copy of the articles and by laws without the names of the persons composing the association appended. The statute does not require a deposit of the names either by its terms or intent. If the legislature had so intended they would have expressly provided that the names should be left. There was another statute existing when this act was passed, expressly requiring both the articles of association and the names of stockholders to be published in the case of joint stock corporations, (Rev. Stat., tit. 3, § 210,) while this statute entirely omits the provision as to the names. Further, the names if appended would convey no additional information of any importance, and would furnish no further evidence of the existence of the corporation. The members were not responsible for the debts or torts of the corporation, and the publication of their names would afford the public no greater security. The members too might change every day. All

that the public could need was a knowledge of the articles and by-laws. It would therefore be a useless and nugatory act.

2. The choosing of the officers of the association before leaving the articles and by-laws with the town clerk was not forbidden by the statute and is of no importance. It was a part of the process of organization, and when the corporation commenced its existence they became its officers. At least they were *de facto* officers, and acted with the knowledge and assent of the members of the association, upon whom their acts were binding and of whom the defendant was one.

3. If the organization was defective by the non-observance of a statutory requisite, the sovereign power (the state) may waive the objection both by a recognition of the corporation and by legislation, and no individual can take advantage of any such defect or omission. The state has waived the omission in this case. 1st. By permitting the organization to assume and exercise all the rights and powers of a corporation for many years without objection. 2d. By sending its commissioners yearly and oftener to examine and report the petitioner's condition and management. 3rd. By assessing and taxing the corporation to defray the expenses of such commissioners and the support of the government.

4. The defendant is estopped from setting up the defective organization of the petitioners in this suit. 1st. Because the defendant has contracted with the corporation as such, obtained their money and given them his deed. *Worcester Medical Institution* v. *Harding*, 11 Cush., 285. *Narragansett Bank* v. *Atlantic Silk Co.*, 3 Metc., 282. *Cong. Soc. in Troy* v. *Perry*, 6 N. Hamp., 164. *Dutchess Cotton Manufacturing Co.* v. *Davis*, 14 Johns., 238. *Stow* v. *Wyse*, 7 Conn., 214. *Danbury & Norwalk R. R. Co.* v. *Wilson*, 22 id., 435. Ang. & A. on Corp., § 94. *Bank of Gallopolis* v. *Trimble*, 6 B. Monr., 599. *South Bay Meadow Dam Co.* v. *Gray*, 30 Maine, 547. 2d. Because the deed of the defendant contains a recital that the petitioners are a corporation, and a party is always estopped from denying the recitals of his

own deed. Authorities supra. *Coe* v. *Talcott,* 5 Day, 88. *Hoyt* v. *Dimon,* id., 483. *Shelton* v. *Alcox,* 11 Conn., 240. *Smith* v. *Prince,* 14 id., 472. *Brown* v. *Wheeler,* 17 id., 345. *Jackson* v. *Packhurst,* 9 Wend., 201. *Chataque Bank* v. *Risley,* 4 Denio, 480. *Penrose* v. *Griffith,* 4 Binn., 231. *Carver* v. *Jackson,* 4 Pet., 83.

5. The bonus of 28 per cent. was not usurious, as the association was authorized by the statute to take such bonus in addition to the interest. The case of *Mechanics Savings Bank* v. *Wilcox,* (24 Conn., 147,) holds such a bonus to be usurious only where it is a per centage payable from time to time in addition to the interest. The bonus here is precisely such as it is there holden that the statute intended to authorize. If usurious at any time, the act of 1856 legalized the taking of the bonus. Pub. Acts, 1856, p. 5. And such act is constitutional and will be recognized by this court. *Goshen* v. *Stonington,* 4 Conn., 209. *Bridgeport* v. *Hubbell,* 5 id., 237. *Mather* v. *Chapman,* 6 id., 55. *Beach* v. *Walker,* id., 190. *Norton* v. *Pettibone,* 7 id., 319. *Booth* v. *Booth,* id., 350. *Bridgeport* v. *H. R. R. Co.,* 15 id., 475. *Calder* v. *Bull,* 3 Dallas, 386. *Wilkinson* v. *Leland,* 2 Pet., 627. *Andrews* v. *Russell,* 7 Blackf., 474. *Bell* v. *Roberts,* 13 Verm., 582. *Locke* v. *Dane,* 9 Mass., 360.

*Hubbard* and *Goodwin,* for the defendant.

1. The petitioners are not a corporation, because the statute of 1850, under which they attempted to organize, creates a corporation only upon a strict compliance with its terms, and the petitioners have not left a copy of their articles of association with the town clerk, as the 5th section of that act requires. The paper left with the town clerk is simply attested by the secretary of the association, does not purport to be a copy of anything, and is not subscribed by twenty-five or any number of persons associated for the purposes contemplated in the act. The copy can not be a complete and legal one without the names subscribed to the original, which are as much a part of the instrument as any other part of it is. Besides, it is important that the names

be given that it may be known whether the legal number of members exists, and that it may be seen who they are. The petitioners also violated the act by electing officers and organizing the corporation before leaving a copy of its articles with the town clerk.

2. The defendant is not estopped to deny the corporate existence of the petitioners. The petitioners have shown by their own evidence that they are not a corporation, and the defendant may certainly avail himself of the evidence. The petitioners aver that they are a corporation and are bound to prove the facts which they allege. The defendant admits the execution of the deed, but the recital therein that the petitioners are a corporation, is merely description, and not an essential statement or representation, and being so, the defendant is not estopped thereby from showing the true state of facts. Much more is he not estopped from denying that the corporation has the peculiar powers given it by the statute. He can only be held to have admitted its mere corporate existence, and general capacity to sue—not its capacity for all the purposes provided by the act.

3. If the petitioners are entitled to a decree it must be for the sum actually loaned, less the bonus and interest. The only authority of the petitioners to take more than six per cent. interest is derived from the statute under which they attempted to organize, and as they did not comply with the requirements of that statute they acquired no rights under it, and so the taking of the bonus was usurious. *Mechanics' Savings Bank* v. *Wilcox*, 24 Conn., 156.

ELLSWORTH, J. It appears that in March, 1852, the respondent, with twenty-five others, took measures to form a corporation in West Winsted, under the act of 1850 authorizing the establishment of Savings and Building Associations. The corporators prepared and signed the articles of association, and caused a copy to be left with the clerk of the town, in all respects complete except that the names of the corporators were not appended. They commenced and ever since have continued to prosecute their business, (somewhat

extensively,) under their corporate name, " The West Winsted Savings Bank and Building Association." In July, 1854, the respondent applied to and received from the company a loan of $1,000, from which a bonus of twenty-eight per cent. was deducted, leaving the amount actually received $720. For this loan of $1,000 he executed his note to the company, and agreed to secure it by a good and perfect deed of the land described in the petitioners' bill. It is found that he did execute and deliver to them a deed as agreed, except that one of the witnesses to it was a member of the company, and therefore not a good witness, as this court has recently decided. In consequence of this the deed is not good, and the debt is not secured. The company have now brought their bill to obtain a good and perfect deed. All the facts stated in the bill are found to be true except what is said about the corporators having signed the copy of the articles left with the town clerk. Our advice is asked as to the company's right to demand and have such a deed, together with a decree of foreclosure; and whether the bonus is legal and may be enforced, or should be rejected, in ascertaining the sum which is now due on the note.

We think the company are entitled to the relief they ask for, including in the debt the bonus of twenty-eight per cent.

It is objected to any decree in favor of the petitioners, that they are not a body corporate as they have alleged, and can not bring suit, in as much as the corporators did not comply with the fifth section of the act, which says a copy of the articles shall first be left with the town clerk.

On the one hand it is claimed that the statute requires that a copy shall be left and nothing more, and that the court has no power or right to superadd any other pre-requisite; on the other it is claimed that the paper is not a copy without the names of the stockholders which are appended to the original. We have not thought it important to examine or decide this point, because we are all satisfied for several reasons that no such objection ought to prevail in this case.

In the first place, an objection to the existence of a corporation plaintiff can not be raised upon the general issue. It

is preliminary in its character, like all objections to the person or character in which a plaintiff sues, and should be pleaded in an earlier stage of the cause. The existence of a corporation and its capacity to sue are admitted by a plea to the merits. The authorities on this point are very numerous. *Phœnix Bank of N. Y.* v. *Curtis,* 14 Conn., 437. *Champlin* v. *Tilley,* 3 Day, 303. *Sutton* v. *Cole,* 3 Pick., 232, 245. *Penobscot Boom Corporation* v. *Lampson,* 16 Maine, 224. *Bank of Manchester* v. *Allen,* 11 Verm., 302. *School District* v. *Blaisdell,* 6 N. Hamp., 197. *Bank of Utica* v. *Smalley,* 2 Cow., 770.

In the second place, the respondent is estopped by matter *in pais.* We have seldom met with a case to which this kind of equitable estoppel is more properly applicable than the present. In 1852, the respondent with others united and formed this association and proclaimed themselves a corporation under the act of 1850. They unitedly took what were supposed to be the necessary measures to perfect their organization according to law; and if it has not been exactly done, the omission was through their mutual mistake and misapprehension. They intended that it should be considered as done, and so we must now treat them, not only as possessing a corporate existence, but as having a corporate existence under the statute, and having, as to and among themselves certainly, the attributes of such a corporation. The respondent has influenced persons to become members of the company, some by subscribing and some by purchasing from those who had subscribed, and to deposit their moneys and form contracts with the company as duly incorporated and qualified to act as a corporation under the provisions of the statute. Besides, the company has, during all this time, with the concurrence and co-operation of the respondent, been carrying on business as a corporation, admitting new members, choosing officers and agents, borrowing and loaning money, receiving money on deposit and the like, until the rights and duties of the corporators and the corporation have become exceedingly multiplied and important; and, which ought to be conclusive upon the re-

spondent, he has borrowed this very money and given his note and deed for it to the company by its corporate name. It would be a reproach to the law, if, after this, he can be allowed to call in question the existence of the corporation or its capacity to loan the money.. Of what particular importance was the leaving a copy of the articles of association to the members of the company? How did the omission affect or injure them? Their relations between themselves or with the company did not grow out of that circumstance, and we can not allow it to have any effect on these parties; however it may be as to the right of the government to complain, if it see fit, and prosecute the company by a writ of *quo warranto.*

The doctrine of equitable estoppel is of so common application here and elsewhere at this day, and has been so often discussed, and shown to be founded in such obvious propriety and necessity, that we need not spend time in discussing it, and it will be sufficient if we merely state the general principles pertaining to it. At the common law estoppels are founded on deeds and records of court, but estoppels in equity are estoppels *in pais.* The doctrine of this kind of estoppels was at first administered as a branch of equity jurisprudence, but is now incorporated into the law. The rule with regard to common law estoppels is a precise and technical one, though supposed to be founded in principles of truth and justice, such as the statement of material facts in specialties or as found by verdicts or judgments upon trials in courts of record. The common law rule is obviously too narrow, and inadequate for the attainment of equity in the multiplied transactions of modern times, and hence the equitable estoppel of the present day.

Estoppels *in pais* are founded in the obligation which every man is under to speak and act according to the truth of the case, and in the policy of the law to prevent the great mischiefs resulting from uncertainty, confusion and want of confidence in the intercourse of men, if they were permitted to deny that which they have deliberately and solemnly asserted and received as true. But the mere acts, statements,

or admissions of a party when not performed or made under seal or of record, or in some of those acts to which peculiar authority is attached by law, were not at common law considered as estoppels, and had no other weight than that of evidence, more or less important, but which might be explained or rebutted. By the recent decisions of the courts in this country and in England, a much wider scope is given to the doctrine of estoppels *in pais,* and it is now held and established, that wherever an act is done or a settlement made by a party which can not be contravened or contradicted without fraud, or gross misconduct which is akin to it, on his part, and injury to others whose conduct has been influenced by the act or omission, or, as was said in *Middletown Bank* v. *Jerome,* 18 Conn., 449, where a person by his acts or his words intentionally induces another to believe in the truth of a fact and thereby change his situation or commit his interests, the character of an estoppel will attach to what would otherwise be mere matter of evidence, and will become binding upon a party and decisive with a jury even in opposition to proof of a contrary nature. Equitable estoppels therefore only arise when the conduct of the party estopped is fraudulent in its purpose or unjust in its result, which forms the material distinction between the common law doctrine of estoppel and that which has grown up under the influence of equity in modern times. This entire doctrine has been examined and settled in this court in repeated instances as may be seen by the cases in our books. *Kinney* v. *Farnsworth,* 17 Conn., 360. *Middletown Bank* v. *Jerome,* 18 id., 450. *Noyes* v. *Ward,* 19 id., 250. *Whitaker* v. *Williams,* 20 id., 98. *Emmons* v. *Giddings,* 24 id., 538. Let this doctrine be applied to the respondent and his course of conduct, and we must see that it is not for him, with this money in his pocket, to call in question the character of the party who has loaned him the money and taken his mortgage. If further authority is wanted we refer to *Worcester Medical Society* v. *Harding,* 11 Cush., 285, which is exactly this case, and in which the court promptly overruled this objection. *Stow* v. *Wyse,* 7 Conn., 214. *Narraganset Bank*

*v. Atlantic Silk Co.*, 3 Met., 282.   *Congregational Society in Troy* v. *Perry,* 6 N. Hamp., 164.   *Dutchess Cotton Manufacturing Co.* v. *Davis,* 14 Johns., 238.   *Eaton* v. *Aspinwall,* 6 Duer, 176.   *McFarlon* v. *Triton Ins. Co.*, 4 Denio., 392. *Schenectady & Saratoga Plank Road Co.* v. *Thatcher*, 1 Kern., 108.   *Palmer* v. *Lawrence,* 3 Sandf., 161.   *All Saints Church* v. *Lovett,* 1 Hall Sup. Ct., 191.

It has been claimed that the respondent is estopped under the common law rule, by the statement in his deed that there is such a corporation as the plaintiffs from whom he has borrowed the money and to whom he has executed his mortgage deed.   But passing this, we decide that this fact with the others to which we have alluded are sufficient to constitute a good equitable estoppel, which is sufficient for the present case.   It is stronger than the common case of landlord and tenant where rent has been paid, which is a good estoppel.

There is still another ground of objection to the claim of the respondents, to which allusion has previously been made, to wit, that this corporation, having enjoyed its franchises so long, can be called in question only by the government, and can be reached only by a *quo warranto,* if the government feel that here has been an unwarrantable exercise of corporate power.   There is perhaps force in this objection, but it is not necessary for us to consider it.

Our conclusion is that the petitioners are entitled to a good and perfect deed from the respondent, and a decree for a foreclosure for the whole note ; and this is our advice.

In this opinion the other judges concurred.

Decree advised for plaintiffs.