THOMAS McNAMARA *vs.* DENNIS ROGERS.

A writ of summary process to recover possession of leased premises, (Gen. Stat., tit. 1, sec. 350,) may be signed by one justice of the peace and made returnable before another.

WRIT OF ERROR, to reverse a judgment of a justice of the peace in an action of summary process to recover possession of leased premises; brought to the Superior Court in New Haven county and tried before *Hinman, C. J.* The court affirmed the judgment of the justice and the plaintiff in error (defendant in the original suit) brought the record before this court by a motion in error. The case is fully stated in the opinion.

*H. L. Harrison,* for the plaintiff in error.

*Russell,* for the defendant in error.

BUTLER, J. The principal error assigned upon this record is founded on the fact that the process was issued by one justice of the peace, returnable before another justice. The fact was pleaded in abatement before the justice and the plea in abatement held insufficient on demurrer. The Superior Court found no error in that ruling and affirmed the judgment of the justice, and that question with others is before us for revision.

The objection is purely technical, for the act of issuing the process was purely ministerial, but it would be our duty to sustain it nevertheless, if satisfied that it was sustainable. We are not thus satisfied.

Our statute in relation to summary process was originally passed in 1806. The jurisdiction of justices of the peace and their authority to issue process was at that time comparatively limited, both having since been materially extended. In 1821 a clause was introduced into the revision of the statutes, in these words: " Every justice of the peace may issue and sign any writs, warrants or other processes, ac-

cording to law, either in civil or criminal causes, which may be served and returned before any court in the state." This is a very comprehensive provision, authorizing the issuing of *any process* to be returned before *any court* known to our law. Justices' courts are as much within the letter of the statute as any others. They are inferior in the extent of their jurisdiction, but they exercise a part of the common law jurisdiction of the state, and are recognized courts of the state. *Fox* v. *Hoyt*, 12 Conn., 491; *Burgess* v. *Tweedy*, 16 Conn., 39. The case of *Hopkins* v. *Plainfield*, 7 Conn., 286, arose under a different statute, creating a peculiar and special proceeding, of which the justice had not final jurisdiction, and upon which he did not in strictness hold a court, and differed essentially from this. But even in that case there is a strong intimation from the judge who gave the opinion that they would have disregarded the phraseology of the statute, if it had not been changed by the revision of 1821. Certainly it would have been a sensible act to have holden that the legislature could not have intended the limitation claimed, inasmuch as the act of signing the process was purely ministerial and no good reason could be assigned why the limitation claimed should be intended.

In this case the statute is not imperative in terms, but permissive. The process institutes a suit to be tried before a justice's *court*, (with or without a jury, at the option of the defendant,) and a final and conclusive judgment rendered and execution awarded. The statute to which we have alluded, which authorizes a justice to issue process returnable before any court, is not inconsistent with that which authorizes the proceeding in summary process, and the two may well stand together, leaving the justice the option to bring the case before himself or send it before the court of another justice. Such being the condition of the law, we cannot hold that the court below erred in affirming the judgment of the justice.

We do not think section 107 page 240 of the Revised Statutes of 1866 applicable to a case of this character. It was limited to writs and declarations used in civil actions,

and confined by its terms to common law suits instituted by writs containing common law declarations.

The finding of the justice effectually disposes, in our judgment, of the second error relied upon. He not only finds that the hiring was by the month, but that it was not a hiring by the year, and that finding fully justified the judgment of the court below.

There is no error in the record.

In this opinion the other judges concurred ; Hinman, C. J., having tried the case below and not sitting.