Mangusi *v.* Vigiliotti.

---

JOHN MANGUSI *vs.* ANGELO VIGILIOTTI ET UX.

Third Judicial District, New Haven, January Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

On a writ of error in an action of summary process, the bill of exceptions is presumed to state all the facts necessary for a review of the questions of law that are raised.

The filing of a reply operates as a withdrawal of a demurrer previously interposed to the answer and not then determined.

Under § 6119 of the General Statutes, an action of summary process must be made returnable to a justice of the peace, if there is one, in the town where the leased premises are situated, but thereafter it may, like any other civil action under § 5426, be transferred by stipulation of the parties for trial before "any other justice of the peace of the town where either party resides."

Informalities in the adjournment from time to time of an action pending before a justice of the peace are waived if the parties eventually appear and are heard before judgment is rendered.

A defectively witnessed and acknowledged lease for a term of four years, executed in May, 1923, and not recorded until October, 1924, was not cured by the general Validating Act of 1923, the effect of which was expressly limited to instruments already recorded at the time when the Act took effect; nor was it cured by the similar Act of 1925, which was not passed until after the lessors had obtained judgment in an action of summary process before a justice of the peace, and which did not take

Mangusi *v.* Vigiliotti.

effect until after that judgment had been sustained upon a writ of error brought to the Court of Common Pleas.

One who merely signs an instrument as a witness is not presumed to know its contents.

A witness to a defectively executed lease, who subsequently acquires title to the premises after the instrument has been recorded, is not estopped to assert its invalidity.

Argued January 27th—decided March 4th, 1926.

WRIT OF ERROR to reverse a judgment of a justice of the peace in an action of summary process in favor of the landlords, brought by the tenant to the Court of Common Pleas for New Haven County and tried to the court, *Booth, J.;* the court found no error in the judgment of the justice of the peace and rendered judgment for the defendants in error, from which the tenant appealed. *No error.*

*William J. McKenna,* for the appellant (plaintiff in error).

*Dominick W. Celotto,* for the appellees (defendants in error).

HINMAN, J. In the original action of summary process, the plaintiff in error, Mangusi, was the defendant, and Vigiliotti and wife were plaintiffs. Both Mangusi and Vigiliotti and wife reside in the town of New Haven. The complaint alleges that on May 15th, 1923, one Willard A. Robinson executed a lease to Mangusi of certain premises in the town of North Haven. In the lease, a copy of which is annexed to the complaint, the term stated is four years from January 1st, 1924. Between the signatures of Robinson and Mangusi, the signature of Angelo Vigiliotti appears, but it is not claimed that he signed in any other capacity than as a witness. The lease was not otherwise witnessed, nor was it acknowledged, and it

was not recorded until October 25th, 1924. The complaint further alleges that the premises were purchased by Vigiliotti and wife from Robinson on November 23d, 1924, and that, on January 7th, 1925, they gave Mangusi due notice to quit possession on or before January 19th, 1925.

The summons in the summary process action was made returnable January 27th, 1925, before Waldo Blakeslee, Esq., a justice of the peace in North Haven. Mangusi filed an answer and amendment thereto, both dated January 29th, 1925, including a special defense alleging, in substance, that the Vigiliottis purchased with notice of and subject to the lease, and that the lease, although not acknowledged or attested, was validated by a provision of the general Validating Act of 1923. To this special defense Vigiliotti and wife interposed a demurrer. Subsequently, without, so far as appears, any determination of the demurrer, Vigiliotti and wife filed a reply to the special defense, denying all the matters therein alleged. Judgment for Vigiliotti and wife was rendered February 25th, 1925, by Joseph S. Carusi, justice of the peace. A bill of exceptions was seasonably filed, and the parties were at issue in the Court of Common Pleas, with the result above stated.

The bill of exceptions is presumed to place on the record all the material facts necessary for a review of the questions of law raised on the writ of error (*Lamenza* v. *Shelton,* 96 Conn. 403, 114 Atl. 96), but is deficient in this respect. It is fairly deducible therefrom, however, that the action was transferred from Blakeslee to Carusi by stipulation of the parties; that Carusi was, at the time, a justice of the peace residing in the town of New Haven; and that there were then several qualified justices of the peace residing in North Haven.

Section 6119 of the General Statutes provides that any justice of the peace residing in the town in which the leased premises are situated may issue a summons to the lessee "to appear before a justice of the peace in said town . . . ; *provided,* when there is no justice of the peace in the town in which the premises are situated before whom the same may lawfully be tried, the complaint may in like manner be brought and tried before a justice of the peace of an adjoining town in the same county." Section 5426 of the General Statutes provides that "when a justice of the peace shall be disqualified, unable or unwilling to try any civil action pending before him, the parties thereto may, by agreement indorsed upon the writ and signed by them or their attorneys, designate any other justice of the peace of the town where either party resides to try the case." Mangusi contends that the procedure and jurisdiction in summary process actions are exclusively regulated by § 6119, and that § 5426 has no application thereto. However, § 5426 is expressly made available in "any civil action," is not included among the sections enumerated in § 5658 as not applicable to summary process, and is not inconsistent with § 6119 which, it will be noted, contains no provision for transfer in case of disqualification or other cause, and the two may well stand together. *McNamara* v. *Rogers,* 36 Conn. 205. The transfer was, therefore, lawful.

Mangusi also assigns as error that judgment was rendered upon the issues raised by the complaint, answer, and reply, without determination first being made of the demurrer to the special defense. The filing of the reply operated as a withdrawal of the demurrer previously interposed by the same party, and was properly so treated. *Lewisohn* v. *Stoddard,* 78 Conn. 575, 63 Atl. 621; 31 Cyc. pp. 603, 604.

The record does not disclose sufficient facts to sup-

port the claim that the action was not regularly adjourned from time to time, but it does indicate that all the parties appeared and were heard on the day on which judgment was rendered by the justice of the peace, and such informalities, if they existed, were thereby waived.

The specified term of the lease was four years and, admittedly, it was not "executed, attested . . . and acknowledged, in the same manner as deeds of land," as required by § 5097 of the General Statutes, nor recorded until October 25th, 1924. Mangusi concedes that a lease deficient in one or more of these statutory requisites may be avoided, as a lease for a longer period than one year, by a third person having a right and interest in doing so. *Baldwin* v. *Walker,* 21 Conn. 167; 1 Swift's Digest, side page 132. It is claimed, however, that the lease was validated by § 5 of Chapter 276 of the Public Acts of 1923; but the effect of the general provision relied on is expressly limited to instruments "recorded in the land records of the town in which such land is located;" the Act took effect July 1st, 1923; the lease was not then recorded, and so is not within the scope of the statute. The Validating Act of 1925 (Chapter 268) was passed after judgment in the justice court and did not take effect until after judgment in the Court of Common Pleas, so that this Act does not embrace or effect the lease in question. *Welch* v. *Wadsworth,* 30 Conn. 149.

Mangusi contends further that, because Angelo Vigiliotti signed the lease as a witness and the lease was recorded before he and his wife took title, they are estopped from avoiding the lease as one for the full term therein specified.

In order to constitute estoppel *in pais,* the act or omission of the party to be estopped must be such that it cannot be contravened or contradicted without fraud

or gross misconduct, akin to fraud, on his part and injury to others whose conduct has been influenced by the act or omission. *Goldberg* v. *Parker,* 87 Conn. 99, 87 Atl..555; *Canfield* v. *Gregory,* 66 Conn. 9, 33 Atl. 536; *West Winsted Savings Bank and Bldg. Asso.* v. *Ford,* 27 Conn. 282; *Middletown Bank* v. *Jerome,* 18 Conn. 443. Estoppel arises only when a person, by that which he does or says or abstains from doing or saying, intentionally causes or permits another person to believe a thing to be true and to act upon such belief otherwise than, but for that belief, he would have acted. *C. & C. Electric Motor Co.* v. *D. Frisbie & Co.,* 66 Conn. 67, 33 Atl. 604. It is essential that the person to be estopped have knowledge of the facts, that the circumstances be such as to impose on him a duty to disclose them, and that the adverse party was ignorant of the truth and misled to his injury. 21 Corpus Juris, p. 1150, § 154; *Taylor* v. *Ely,* 25 Conn. 250; *Giddings* v. *Emerson,* 24 Conn. 538.

No presumption of knowledge of the contents of an instrument arises from the mere act of signing as a witness. *Coker* v. *Ferguson's Admr.,* 70 Ala. 284. The record does not establish that Vigiliotti in fact knew of the contents or legal effect of the writing at the time when he signed it as a witness. The facts before us do not disclose any knowledge superior to that of Mangusi, on the part of Vigiliotti and wife or either of them, as to the deficiencies of the lease and their effect, nor any conduct on their part justifying the application of the doctrine of estoppel.

There is no error.

In this opinion the other judges concurred.