### BARNEY GIRDEN *v.* JOHN ALUBOWICZ

MALTBIE, C. J., JENNINGS, DICKENSON AND BALDWIN, Js.[1]

Argued January 5—decided March 7, 1950.

*Francis F. McGuire,* with whom was *Joseph E. Moukawsher,* for the appellant (plaintiff).

*Allyn L. Brown, Jr.,* for the appellee (defendant).

JENNINGS, J. This was a suit to quiet title with incidental relief. A counterclaim also sought to have

---

[1] By agreement of counsel the case was argued before and decided by four judges.

the title quieted and made incidental claims. The subject matter of the suit was a piece of ill-defined wild land on the shore of the Lake of Isles in North Stonington. Judgment was for the defendant on the complaint and counterclaim and the plaintiff appealed.

The following facts were not disputed: On January 28, 1930, the plaintiff bought a tract of about ninety acres in the Lake of Isles development from the Air Proof Rubber Company. The disputed lot, No. 19, was included. The deed was recorded the same day. The plaintiff made no use of the property and visited it infrequently. It consisted of rough, hilly land and was serviced by two almost impassable roads. It could be used for only limited purposes, such as outings, camping and fishing.

On August 28, 1926, the Air Proof Rubber Company had conveyed lot No. 19 to William Dorman. He conveyed it to Antonio Gerosa on July 19, 1930. The latter conveyed it on August 2, 1930, to Angelo Del Grosso. These three deeds were recorded on April 12, 1932. The plaintiff had no actual knowledge of the existence of the deeds or their recordation.

Shortly after Del Grosso purchased the premises he took possession, made certain improvements and started the construction of a small shack. He occupied the place for several months each summer during the first few years. On July 1, 1944, lot No. 19 was sold to the defendant for taxes owed by Del Grosso for the years 1936 to 1943. The plaintiff learned of the proposed sale but made no claim of title. Instead he gave an agent $200 to bid the lot in, but the defendant bid higher and a tax deed was executed by the collector. Its recordation was delayed for one year to give the owner an opportunity to redeem. During that year the defendant openly used the property and the shack. The tax deed to the defendant was recorded

July 2, 1945. The defendant asserted his right of access to the premises thereafter and occupied them although, since 1947, the plaintiff has objected. From the time of the defendant's purchase at the tax sale until 1947 the plaintiff permitted the defendant to make substantial improvements to the premises without objection or claim of title.

The trial court concluded that while the plaintiff was the record owner the defendant had proved title by adverse possession and that the plaintiff was barred of relief by laches and estoppel.

The interference with title to real property by estoppel in derogation of a record title is not favored. The case must be proven by clear and definite evidence if the party who relies on estoppel is to prevail. *Giddings* v. *Emerson,* 24 Conn. 538, 549; *Monterosso* v. *Kent,* 96 Conn. 346, 350, 113 A. 922; *Mangusi* v. *Vigiliotti,* 104 Conn. 291, 295, 132 A. 464. Silence on the part of the record owner, unless there is a duty to speak, does not meet this test. *Flaxman* v. *Capitol City Press, Inc.,* 121 Conn. 423, 430, 185 A. 417. Where, as here, the plaintiff knew of and took part in the tax sale, yet made no claim of title and allowed the defendant to purchase the land and make improvements, the test is met. *New York & N. E. R. Co.* v. *New York, N. H. & H. R. Co.,* 52 Conn. 274, 282, quoting Chancellor Kent in *Wendell* v. *Van Rensselaer,* 1 Johns. Ch. (N. Y.) 344, 354; see also *Whitaker* v. *Williams,* 20 Conn. 98, 103; *Lengyel* v. *Peregrin,* 104 Conn. 285, 290, 132 A. 459; note, 50 A. L. R. 668, 671, 780. Whether the conduct of the plaintiff amounted to an estoppel in pais was a question of fact under the circumstances set forth in the finding. *Second National Bank of New Haven* v. *Dyer,* 126 Conn. 101, 112, 9 A. 2d 503; *Boston & Albany R. Co.* v. *Reardon,* 226 Mass. 286, 291, 115 N. E. 408. The trial court reasonably

could conclude that the plaintiff was estopped to assert his title against the defendant. This conclusion makes the consideration of the defense of adverse possession unnecessary.

The judgment for the defendant was based on adverse possession although the trial court concluded that he should also prevail on estoppel, as stated above. The case was fully tried and the appeal argued on the latter basis. The judgment should conform to the holding in this opinion.

There is error in the form of the judgment only, the judgment is set aside and the case is remanded for entry of judgment in accordance with this opinion.

In this opinion the other judges concurred.