ISAAC NOLL ET AL. *vs.* JOHN F. MORAN ET AL.

· First Judicial District, Hartford, January Term, 1920.
PRENTICE, C. J., WHEELER, BEACH, GAGER and CASE, Js.

The certification of all the evidence upon a writ of error, while a super-fluous proceeding, cannot affect the merits of an alleged error of law which is properly presented by a bill of exceptions.

The function of a bill of exceptions is analogous to that of a finding of facts upon appeal, and its office is properly performed only when it fairly and fully serves its primary purpose of supplying the court of review with all the information necessary for the determination of the matters submitted.

The party asking a bill of exceptions is responsible in some measure for its preparation, and this court will not feel bound to help out an obscure and uncertain statement therein to aid an assignment of error based thereon.

An action of summary process, if otherwise maintainable, is not subject to dismissal merely because it is being prosecuted in the interest of an accepted purchaser who contemplates the destruction of the building upon securing possession of the property.

An objection that the plaintiffs in such an action are not the real parties in interest, unless seasonably raised in the trial court, cannot be made the basis for an assignment of error in this court.

An attempt, upon a writ of error, to review the failure of the trial court to find a certain fact "to have been proven by the evidence," merits no consideration by this court.

There is no occasion to rule as to the burden of proof where all the facts upon which the question of law depends are undisputed.

The principal issue in the present case was whether the tenants' continued occupation, after the expiration of a five-year term, was a tenancy from year to year, as contended by them, or one from month to month only, as the landlords insisted. It appeared from the bill of exceptions that shortly before the five-year term expired the tenants sought a new lease or the renewal of the old one, but were told by one of the landlords who acted for both, that he did not believe in leases but the tenants "could stay in the store, provided they paid an increased rent which amounted to $1,000 a year, and that he wouldn't disturb them"; that the tenants did remain, paying the annual rental of $3,000 in monthly payments of $250 each; and that nothing further was ever said or done by the parties with respect to the occupancy or leasing of the premises. *Held* that the parol "arrangement" in question came within the

provisions of General Statutes, § 5099, since a monthly rent was reserved and no time for the termination of the tenancy was agreed upon; and therefore the arrangement must be construed to be a lease from month to month, as required by the statute, and not one from year to year.

Although no term be agreed upon, if an annual rental is reserved in an oral lease, the law will imply a tenancy from year to year.

Argued January 7th—decided March 5th, 1920.

WRIT OF ERROR to reverse an alleged erroneous judgment of the City Court of Hartford, *Calnen, Acting-Judge,* in an action of summary process, awarding the possession of certain leased premises to the plaintiffs in that action (defendants herein), brought to the January Term, 1920, of this court at Hartford. *No error.*

The defendants in error filed a plea in abatement in this court, to which the plaintiffs in error demurred. *Plea in abatement overruled.*

*Joseph P. Tuttle* and *Reinhart L. Gideon,* for the plaintiffs.

*Arthur L. Shipman* and *Edward J. Daly,* for the defendants.

CASE, J. The plea in abatement is overruled. Its essential basis is that the claimed errors assigned are either not apparent on the face of the record, or where they do so appear, that they present only questions of fact rather than of law. Certain of the assignments of error are open to neither of these criticisms, and present questions of law fairly disclosed by the bill of exceptions, and reviewable upon the facts open to us in that part of the record.

Nor is there merit in the claim suggested by the plea, that the writ is bad in its entirety because the plaintiffs in error have sought a review of the whole

case by attempting to inject all the evidence into the record. While bringing up the evidence was a superfluous proceeding and one that in no way enlarges the legitimate sources of our information, its mere presence cannot affect one way or another the merits of the assignment of any claimed error of law properly presented by the bill of exceptions.

The plaintiffs in error are retail shoe dealers in the premises involved, who became, by assignment, the accepted successors of the original lessees of the place under a five-years' term "for the yearly rental of two thousand dollars," and as such successors finished the term on June 1st, 1917. There has been no renewal of the lease, nor any new lease in writing, but the plaintiffs in error have continued, and still continue, to occupy the premises. The defendants in error, the owners of the property, brought an action of summary process against them in September, 1919, claiming a holding over from month to month, and prosecuted it to a judgment for the recovery of possession. The writ of error seeks to reverse this judgment, and several of its ten assignments require but brief attention.

The first of them challenges the capacity of the plaintiffs in the original action (the defendants in error) to sue, on the ground that the action was brought under and in pursuance of a contract which they, as owners of the property, had with an intending purchaser, by which they were to evict the tenants for his benefit and convenience in his contemplated destruction of the building. For this reason it is claimed that the action "was not being prosecuted by the real parties in interest," and that it should have been dismissed. The record shows that no such question was seasonably raised in the court below, and that is of course a sufficient answer to it here. The objection comes too late.

It is also assigned as error that the court refused to hold that the contract referred to was "contrary to public policy and void" and "that by reason thereof this action should not be maintained." The record warrants no such claim, and discloses no conduct on the part of the owners of the property which would bar them from bringing and maintaining the action, if the occupation was in fact one then terminable by summary process. They were quite within their rights even though the person chiefly benefited may have been an accepted purchaser, about to take the property upon the conditions described.

The sixth assignment of error was abandoned upon argument before us; the seventh attempts a review of the court's action in not finding a certain fact "to have been proven by the evidence," and for that reason alone obviously calls for no consideration.

The ninth assignment charges the trial court with having wrongly put the burden of proof upon the defendants—the plaintiffs in error—to establish the fact that the tenancy of their present occupation is one from year to year. It is of negligible consequence, so far as any question before us is concerned, what the court did with the burden of proof. The assignments of error calling for our review are specifically based upon the finding of the bill of exceptions that the facts regarding them were undisputed. There was therefore neither occasion nor opportunity for the trial court to consider any rule of proof as to matters so calling for its determination. Only a clear question of law upon admitted facts confronted that court—as it now confronts us.

The tenth assignment is bad from its general character, and because it avowedly invites a review of all the evidence in the case for its consideration.

The remaining assignments of error present in

different forms substantially a single question of law— that dealing with the character of the tenancy under which the plaintiffs in error have been holding since the expiration of the written lease. They claim that, upon the facts apparent on the record, their tenancy became one from year to year, and that so construed, they had already begun a new annual period in June, 1919, which was not terminable short of its year's duration. Unless it appears, however, that this occupation since June, 1917, rests upon some new agreement definite as to the time of its termination, or reserving an annual rather than a monthly rent, it must by the positive terms of our law be construed as one under a lease from month to month. General Statutes, § 5099.

The allowance of a bill of exceptions not only gave it a place in the record, but necessarily established the truth of such facts embraced in it as are essential to the proper presentation of the rulings assigned as erroneous. Its function is analogous to that of the finding of facts in our procedure by appeal, and its office is properly performed only when it fairly and fully serves its primary purpose of supplying the court of review with all the information necessary for the determination of the matters submitted.

As defining the scope of the conditions under which the plaintiffs in error continued in occupation after their lease had expired, it appears from the bill of exceptions that "prior to the termination of said lease and in or about the month of March, 1917, the plaintiffs in error interviewed said John F. Moran, who acted for himself and the joint owner in the leasing of the properties, with the purpose of renewing the old lease or obtaining a new lease, and an arrangement was entered into in pursuance of which the plaintiffs in error remained in possession of said store and premises and are still in possession thereof"; and as perhaps more

precisely characterizing this "arrangement," it further appears that "in said conversation which resulted in said further occupancy, the said Moran informed the plaintiffs in error that they might stay in the premises, that said Moran did not believe in leases but that the plaintiffs in error could stay in the store provided they paid an increased rent which amounted to one thousand dollars a year and that he wouldn't disturb them." They have "remained in possession of said store paying the annual rental of three thousand dollars by monthly payments of two hundred and fifty dollars each during the early part of each month." These facts, and also that after the interview referred to "nothing was ever said or done between the parties hereto with respect to the occupancy or leasing of said premises," were undisputed.

After expressly denying to a mere continuance of occupation following the termination of a lease any weight as evidence of an agreement for a further lease, the statute referred to (§ 5099) provides that "parol leases of lands or tenements reserving a monthly rent, and in which the time of their termination is not agreed upon, shall be construed to be leases for one month only."

If the parol "arrangement" in question falls outside these strict exactions, it must be because it discloses either an agreed time for its continuance, or the definite reserving of a yearly rental. We think it does neither.

Obviously the legal scope of their "arrangement" must be determined strictly from what the parties said in the only interview which they ever had upon the subject, and with reference to their subsequent acts. The concluding statement from the bill of exceptions, so far as it seems to characterize the rental as an annual one, is therefore without force here, while the recited fact that under this new occupation the tenants have

always paid the rent monthly, is a matter for consideration with other facts established.

The duration of the tenancy was certainly not agreed upon, unless that is to be implied from a strained use of the expression that the Nolls "could stay in the store provided they paid an increased rent which amounted to one thousand dollars a year." This language neither fixes a time for the termination of the new arrangement, nor furnishes a basis for reasonably inferring that fact. The mere statement of the proposed increase in rent, given in figures for a year, was plainly by and for convenient comparison with the prior fixed annual rate paid by the tenants under their written lease. Hitherto they had been charged a yearly rental of $2,000—as defined in their contract. The increase was proportionately calculated and stated naturally enough on that basis, but quite apart from and without any suggestion of a definite period during which the "arrangement" was to continue. With this fair restriction upon the meaning of the clause, there is nothing left in the bill of exceptions from which to gather any agreement as to a time when the new occupancy was to terminate.

It is well settled, however, that if an annual rental is reserved, the law will imply a tenancy from year to year even though the oral lease is for an indefinite time (*Williams* v. *Apothecaries Hall Co.*, 80 Conn. 503, 506, 69 Atl. 12), and the plaintiffs in error insist that the expression already considered establishes this essential condition—the reserving of a yearly rent.

What has been said of its insufficiency to disclose a definite term, is equally pertinent in this connection. If we assume that the language used completely and correctly reports Moran's part of the interview, it still does not warrant the construction sought for it of fixing or demanding an annual rent. Such a meaning not

only rests wholly upon implication, but upon an implication discredited by other and unequivocal statements of Moran made at the same time. The applicants had already and in the same conversation been refused either a renewal of their old lease, or the execution of a new one for any term whatever. A single purpose is apparent in this attitude of Moran, and that is the obvious one of keeping the property unfettered and available for the owners' purposes, yet we are asked to say that by an indefinite expression used concurrently with that announcing an emphatic refusal to bind it to any definite engagement, he nullified all that he was insisting on and put the property beyond his control for a year's time by his deliberate agreement to take rent for that period. Only language too plain to permit a fair alternative construction more in consonance with the surrounding circumstances would justify such an interpretation—and the language here in question falls distinctly short of that requirement.

Nor is there the significance claimed for it by the plaintiffs in error in Moran's statement that "he wouldn't disturb them" in their new occupancy. That they were permitted to remain at all under an oral "arrangement," implies a possession approved by the owners. Its period of duration is in no way controlled or defined by the superfluous assurance that they would not be disturbed in it. The expression is too vague to avail the plaintiffs in error as an aid either in fixing a term, or in defining the period for which rent was reserved. We think it clear that the oral arrangement of the parties fixed no time for its termination, and that the inference demanded by the invariable practice of a monthly payment of rent, is, in the complete absence of any inconsistent or contradictory fact upon the record, the reservation of a monthly rental. The existence of these two conditions brings the case within

the express control of the statute (§ 5099), and justifies the trial court's conclusion.

But while we have reached this conclusion upon the assumption that the whole interview of the parties is disclosed by the bill of exceptions, this concedes more to the plaintiffs in error than a reasonable view of the record warrants. The bill of exceptions assumes neither to quote Moran, nor to repeat what he said. Its apparent uncertainties of expression are not his, and as the text necessarily exposes that fact, no support remains for a suggestion that its expressions of doubtful import should be construed least favorably to himself and the joint owner whom he represented. The language involved manifestly voices nothing more than the trial court's summary of Moran's statements disclosed by the testimony. If, therefore, it leaves something to be desired in clarity and completeness, this lack is not chargeable to Moran, and it should not operate to the advantage of the plaintiffs in error. The framing of a bill of exceptions to clearly and properly present the essential questions for review, was measurably within their control, just as the fair presentation of such matters by a finding is, under our procedure, well within the control of one entitled to have a finding made. If they have acquiesced without protest in the ambiguous presentation of any matter material to their claim and capable of more definite expression, the responsibility is their own. We are "not bound to help out an obscure and uncertain statement" in a bill of exceptions to aid an assignment of error framed upon it. *Hoey* v. *Hoey*, 36 Conn. 386, 387, 393.

There is no error.

In this opinion the other judges concurred.