ANNA CERNE *vs.* GABRIEL ZAHARIADES ET ALS.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.
Argued March 4th—decided March 9th, 1936.

*John Henry Sheehan,* for the appellant (plaintiff).

*Joseph Shelnitz,* for the appellees (defendants).

PER CURIAM. The defendant Zahariades brought an action of summary process against the plaintiff returnable before a justice of the peace, and judgment was rendered in his favor. Thereafter the plaintiff brought a writ of error to the Court of Common Pleas from that judgment. Later the writ was withdrawn by her attorney. She brought the present action to enjoin the enforcement of the judgment in the summary process suit by execution. At the trial she based her claim for relief upon three grounds: That the justice of the peace had improperly denied her a jury trial in the summary process action; that the withdrawal of the writ of error was unauthorized; and

that she entered into the lease which was the basis of the summary process action by reason of fraudulent representations made to her by Zahariades.

If the justice of the peace improperly denied her a jury trial, that might constitute an error justifying relief in a direct attack by writ of error, as was attempted; but that denial would not deprive the court of jurisdiction or make the judgment void; *Case* v. *Bush,* 93 Conn. 550, 552, 106 Atl. 822; *Andrews* v. *Olaff,* 99 Conn. 530, 536, 122 Atl. 108; *Ferguson* v. *Sabo,* 115 Conn. 619, 623, 162 Atl. 844; and, the proceeding by writ of error having been abandoned, the plaintiff could not, in an action to enjoin the enforcement of the judgment, attack that judgment for an error committed by the justice of the peace in the course of the proceedings before him. *Bennett Estate, Inc.* v. *New Haven,* 117 Conn. 25, 37, 166 Atl. 680. The trial court has found that the withdrawal of the writ of error was authorized by the plaintiff and that finding has adequate support in the evidence and must stand. Even assuming that fraud inducing the plaintiff to enter into the lease would be a proper element in the present action, the finding is barren of any facts supporting such a claim and we are asked to add none. The trial court was correct in holding that the case presented no ground for equitable relief.

There is no error.