IRVING PUTTERMAN ET AL. *v.* WILLIAM MILLER ET AL.

MALTBIE, C. J., BROWN, JENNINGS, and DICKENSON, Js.[1]

---

[1] By agreement of counsel the case was argued before and decided by four judges.

Argued May 8—decided June 12, 1946

*Harry M. Lessin,* for the appellants (plaintiffs in error).

*Leo Nevas,* with whom, on the brief, were *Morris Robinson* and *James F. McGrath,* for the appellees (defendants in error).

Dickenson, J.  This is an appeal from the judgment of the Court of Common Pleas dismissing a writ of error brought to that court from a judgment in favor of the defendants in error rendered by a justice of the peace in a summary process action. The assignments of error pursued in the brief of the plaintiffs in error, who were the defendant ten-

ants in the original action, relate to lack of a proper notice to quit possession, lack of essential allegations in the summary process complaint and an abuse of discretion on the part of the justice in allowing an amendment to the complaint.

The plaintiffs in error further claim that the justice of the peace was without jurisdiction of the action because of certain restrictions placed upon the eviction of tenants in the housing regulations issued by the office of price administration under authority of chapters 26 and 578 of the acts adopted at the second session of the Seventy-seventh Congress. 56 Stat. at Large, Pt. 1, pp. 23, 765. These regulations do not, however, purport to affect the jurisdiction of courts to entertain actions to evict tenants or recover possession of leased property, but only to establish certain restrictions upon the lessor's right to obtain possession of it. Failure to apply those restrictions in a proper case might make the decision of the justice erroneous and subject to review but would not affect jurisdiction to entertain the proceeding. *Cerne* v. *Zahariades,* 121 Conn. 702, 703, 183 A. 748; *Ferguson* v. *Sabo,* 115 Conn. 619, 622, 162 A. 844.

The writ recites that the proceedings in the summary process action appear in a bill of exceptions annexed to it, but no bill of exceptions appears in the record. The notice to quit possession is neither recited in the complaint nor made a part of it by reference. It appears in the record as "Exhibit A." A bill of exceptions in a writ of error takes the place of a finding in an appeal and in the absence of one we are limited to the pleadings and judgment file in our consideration of the case. Conn. App. Proc. p. 184; *Noll* v. *Moran,* 94 Conn. 452, 456, 109 A. 241; *Cary* v. *Phoenix Ins. Co.,* 83 Conn. 690, 697,

78 A. 426. The memorandum of decision of the justice court, which, in this case, expressly finds certain facts, is not properly a part of the record. Ibid.; *Morehouse* v. *Employers' Liability Assurance Corporation,* 119 Conn. 416, 420, 177 A. 568. Most of the six special defenses relate to the claimed inadequacy of the notice. The notice to quit possession is not properly before us so that we may pass upon its sufficiency. *O'Keefe* v. *Atlantic Refining Co.,* 132 Conn. 613, 619, 46 A.2d 343.

As to the error assigned for lack of essential allegations in the original complaint, the complaint was not attacked by demurrer but one of the defendants' special defenses alleged generally that the plaintiffs had failed to comply with the laws of the state and the federal rent regulations. This was denied by the plaintiffs in their reply and the issue was found for them, as appears by the judgment file. The assignment of error takes the same general form as the allegation in the special defense. It lacks the required definiteness of an assignment of error. Practice Book §§ 362, 363; Conn. App. Proc. § 102. We do not consider it. *Kovner* v. *Dubin,* 104 Conn. 112, 118, 132 A. 473.

The remaining assignment of error relates to the allowance of an amendment to the complaint. This was within the trial court's discretion under General Statutes, § 5541. *Evans* v. *Byrolly Transportation Co.,* 124 Conn. 10, 12, 197 A. 758. Nothing in the record indicates that the trial court abused the discretion given it by the statute.

There is no error.

In this opinion the other judges concurred.