MARGARET FLEMING *v.* THOMAS F. MORAN, JR.

MALTBIE, C. J., BROWN, JENNINGS, ELLS AND DICKENSON, JS.

Argued November 2—decided December 14, 1949.

*Hugh J. McGill* and *Walter W. Smyth,* with whom was *James R. Lawlor, Jr.,* for the plaintiff in error.

*Harry M. Albert,* with whom, on the brief, was *Michael V. Blansfield,* for the defendant in error.

DICKENSON, J.  The present defendant brought an action of summary process against the present plaintiff for possession of leased premises on the ground of nonpayment of rent.  The plaintiff interposed three defenses: (1) she was not the tenant, the premises being occupied by her father; (2) the lessor had waived payment when due; (3) the lessor had altered the premises without first obtaining a certificate of occupancy, which was required by statute and was a prerequisite for maintaining the action.  Judgment was entered for the lessor "to recover possession of premises as per Memorandum of Decision in file."  The memorandum recites among other things that the present plaintiff is the tenant, that she refused to pay the rent due January 1, 1949, that a certificate of occupancy was issued in accordance with the custom of the building inspector, and that the lessor did not waive the right to have the rent paid within the statutory period.

The plaintiff brought this writ of error from the judgment and filed a bill of exceptions setting up facts supporting her defenses.  The trial court disallowed the bill and itself filed a bill reciting facts supporting its judgment.  The plaintiff, in her brief, claims that the court was in error in so doing.  She also assigns error as to facts stated in the court's bill of exceptions.

While we stated in *Noll* v. *Moran,* 94 Conn. 452, 456, 109 A. 241, that the function of a bill of exceptions was analogous to that of a finding of facts in a procedure by appeal, we did not mean that it was identical in all respects.  We also said that the bill of exceptions must supply the court of review with all of the information necessary for the determination of the matter submit-

ted and (p. 454) that bringing up the evidence in no way enlarges the legitimate sources of our information. "The bill should be tendered at the trial, and should truly state the facts: if not, the court ought to correct and sign it . . . ." 1 Swift's Digest 771. When it comes before us we must assume that the court has properly performed its duty and has placed on the record all the material facts necessary for a review of the questions raised on the writ of error. *Mangusi* v. *Vigiliotti,* 104 Conn. 291, 293, 132 A. 464; Conn. App. Proc. § 135. In this sense a bill of exceptions takes the place of a finding. See *Putterman* v. *Miller,* 133 Conn. 70, 72, 48 A. 2d 235; *Vogel* v. *Bacus,* 133 Conn. 95, 96, 48 A. 2d 237. We confine our consideration of the case to the question of error in the judgment based upon the bill of exceptions before us.

The judgment file states that the judgment is for the present defendant to recover possession of the premises on the ground of nonpayment of rent. It appears from the bill of exceptions that the plaintiff was the lessee of the defendant's premises on a month-to-month basis; that she refused to pay rent due January 1, 1949; that the defendant did not waive payment and on January 13, 1949, gave the plaintiff due notice to quit possession, but she refused to do so; and that the lease expired because of nonpayment of rent. As to the defense that the plaintiff's father and not she was the tenant, the bill recites that the father occupied the premises under the plaintiff's lease. The bill contains no facts supporting the defense of waiver. As to the defense that the defendant altered the premises without first obtaining a certificate of occupancy under General Statutes, §§ 4079, 4080, these statutes refer to tenement houses and there are not sufficient facts stated in the bill to indicate that the premises came

within the statutes.    The bill of exceptions discloses no error in the judgment.

The action is summary in name and purpose.    We have stated above that it is the duty of the trial court to see that the bill of exceptions truly states all of the essential facts.    A reading of the entire record raises some doubt whether the trial court in this instance entirely performed that duty.    We suggest that the duty be performed with meticulous care in fairness to the parties and to this court, for the reason that under our existing rules we are confined, as to facts, to the bill of exceptions in the record.

There is no error.

In this opinion the other judges concurred.