FRANK DICOSTANZO *v.* FRANK TRIPODI ET AL.

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued January 3—decided February 13, 1951

*Milton Turkel,* with whom, on the brief, was *Samuel Gruber,* for the appellant (plaintiff).

*George Wise,* for the appellees (defendants).

JENNINGS, J. This was a suit for rent. The plaintiff had judgment and he appealed. He has abandoned the claim that the court erred in denying his motions for a new trial. The finding is not attacked.

For a long time prior to September, 1948, the de-

fendants occupied a store owned by the plaintiff in Stamford as month-to-month tenants at a rental of $75 per month, due and payable on the first day of each month. In May, 1948, the defendants informed the plaintiff that they would vacate by September 1, 1948. The plaintiff arranged for a tenancy commencing on that date, and his son took a week off from work just before that time to prepare the premises for occupancy by the new tenant.

On August 27, 1948, the defendants received a letter from the plaintiff advising them that if they intended to remain in possession the rent for the following month would be $200: $75 for the "usual rent," $50 for the "son's work week" and $75 for lawyer's fees. The defendants remained in possession and on September 1 and again on September 8 tendered $75 to the plaintiff in payment of the September rent, but the tender was refused. The defendants vacated the premises September 15. The trial court concluded that there was no contract, express or implied, for the September rental and that the defendants were liable only for the reasonable value of the premises for use and occupation. Judgment was for the plaintiff for $75 without costs.

There is no explicit finding of the reasonable value of the defendants' use and occupation, but the memorandum of decision may be consulted in determining the basis of the award. *Van Tassel* v. *Spring Perch Co.*, 113 Conn. 636, 647, 155 A. 832. This states: "[T]he rental value of the premises for the month of September was $75.00 the amount tendered by the defendants." The memorandum further shows that the conclusion that no contract existed was based on two grounds: first, because the letter was not a notice of an increase in rent, and, second, because even if it was the increase was not accepted by the defendants.

Both grounds are valid. The notice specifically stated that $75 was for the "usual rent" and added $125 in the nature of penalties for failure to get out on September 1. The defendants would have been justified in disregarding this notice, as they apparently did. The claim of the plaintiff as to the other ground is that, since the defendants held over after the notice of August 27 past midnight of August 31, they are conclusively presumed to have accepted the increased figure. There is authority for this position. Note, 109 A. L. R. 203. It is true that the defendants indicated on September 1 that they would not agree to the increased rental, only five days after the notice and the day the next rent was due. That aside, General Statutes, § 7106, settles the matter. It provides: "No holding over by any lessee, after the expiration of the term of his lease, shall be evidence of any agreement for a further lease. . . ." Since, in the absence of circumstances not present here, no contract can be implied from the mere holding over (*Shulman* v. *Hartford Public Library*, 119 Conn. 428, 432, 177 A. 269), there was no contract, and the case falls squarely within the holding of *Welk* v. *Bidwell*, 136 Conn. 603, 73 A. 2d 295. As is there stated (p. 606), a lease is a contract. A month-to-month lease is not continuous; there must be a new contract of leasing for each month. When the landlord insists on one rate of rental and the tenant on another, there is no meeting of the minds and no contract. The authorities are cited and analyzed and the case controls that at bar. It is unnecessary to repeat the discussion here. See also *Wittenberg* v. *Brown*, 6 Conn. Sup. 326.

The additional claim of the plaintiff that the rental value for half a month was found to be $75 and that therefore the value for the whole month should have been $150 is without merit. As stated above, the trial

court found the rental value for September to be $75. It was justified in accepting the amount of the defendants' tender as the measure of damages.

There is no error.

In this opinion the other judges concurred.