ALBERT COHN *v.* THEODORE FENNELLY

BROWN, C. J., JENNINGS, BALDWIN, INGLIS and O'SULLIVAN, Js.

Argued December 4, 1951—decided January 22, 1952

*Benjamin M. Chapnick,* for the appellant (plaintiff in error).

*Alfonse C. Fasano,* for the appellee (defendant in error).

JENNINGS, J. This is a writ of error brought to reverse a judgment for the defendant in error, tenant Fennelly, entered by the Municipal Court of West Haven in an action of summary process. On appeal to the Court of Common Pleas nothing erroneous was found. The plaintiff in error Cohn will be referred to as the landlord and the defendant in error Fennelly as the tenant.

In the Municipal Court the landlord's complaint alleged that on January 1, 1950, he leased to the tenant certain premises "for the term of month to month for the monthly rent of $175.00, payable in advance on the 1st day of each month" and that the tenant refused to pay the rent. This allegation was denied by the tenant. In testing the correctness of the judgment we are confined to the facts stated in the bill of exceptions. *Fleming* v. *Moran,* 136 Conn. 274, 276, 71 A. 2d 96. They may be summarized as follows: In December, 1949, the tenant was in possession of the premises under a lease which expired December 31, 1949. The lease

contained a privilege of renewal at $110 a month, but the tenant failed to act within the time specified therein. On December 15 the landlord sent the tenant a written notice in which it was stated that if the tenant desired to occupy the premises after January 1, 1950, he might do so on a month-to-month basis for a monthly rent of $175. The next day the tenant notified the landlord that he was exercising his option of renewal and that he would continue as tenant under the original lease. The tenant, on January 1, tendered $110 as the rent for the month of January, but this was refused by the landlord. On January 27, the landlord gave the tenant a written notice to quit on February 2 for non-payment of rent.

It is essential to a summary process action that there has been a lease between the parties and that it has terminated. General Statutes, Cum. Sup. 1951, § 1379b. There is nothing in the bill of exceptions to show that there had been a lease between the parties of the type described in the complaint and that it had terminated. A lease is a contract. *DiCostanzo* v. *Tripodi*, 137 Conn. 513, 515, 78 A. 2d 890. The facts show that the landlord was insisting on one form of lease and the tenant on another. Under the circumstances, there was no meeting of the minds and no lease. *Welk* v. *Bidwell*, 136 Conn. 603, 607, 73 A. 2d 295. The landlord thus failed to prove an essential allegation of his complaint. The Municipal Court was justified in entering judgment for the tenant and the Court of Common Pleas in sustaining that action.

There is no error.

In this opinion the other judges concurred.