SARAH H. KLIGERMAN *v.* HAROLD ROBINSON

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and CORNELL, Js.

Argued June 4—decided July 28, 1953

*Nelson Harris*, with whom, on the brief, was *Charles G. Albom*, for the plaintiff in error.

No appearance for the defendant in error.

BALDWIN, J. The plaintiff in error, herein referred to as the landlord, instituted an action of summary process in the City Court of New Haven against the defendant in error, hereinafter referred to as the tenant. The court gave judgment to the tenant and the landlord brought this writ of error. The sole question is whether a tenant under a month-to-month lease is excused from tendering each month the amount of the rental he claims is due but which the landlord had refused to accept when it was tendered for several months preceding.

The bill of exceptions discloses the following facts: In 1948, the tenant, a student of architecture at Yale, rented from the landlord a third-floor studio on an oral month-to-month agreement for a monthly rental of $70. The ceiling rental registered with the area rental office was $50 a month. The tenant tendered this amount each month from March through August,

1952. The landlord refused to accept it, claiming that the premises were being used for business purposes and were not subject to rent control. The tenant made no tender of the rent for the months of September and October, 1952. On October 10, the landlord served a notice to quit. On October 16, the tenant offered a check to pay the rent at the rate of $50 a month for the months of September and October, which the landlord refused. On October 20, she brought an action of summary process in the City Court. The court concluded, after a hearing, that the refusal of the landlord to accept the tender made by the tenant for the months of March through August excused the tenant from making any further tender and rendered judgment for the tenant.

A parol lease for an indefinite period reserving a monthly rental is a lease for one month only. General Statutes § 7106; *Webb* v. *Ambler*, 125 Conn. 543, 551, 7 A.2d 228; *Corbett* v. *Cochrane*, 67 Conn. 570, 576, 35 A. 509. The tenancy for each month is separate and distinct from that of every other month. *Welk* v. *Bidwell*, 136 Conn. 603, 607, 73 A.2d 295. There is a new contract of leasing for each successive month; *DiCostanzo* v. *Tripodi*, 137 Conn. 513, 515, 78 A.2d 890; and the right of tenancy ends with that month for which the rent has been paid. *Webb* v. *Ambler*, supra. Since monthly payments must be made as consideration for each contract of leasing, it necessarily follows that if the parties are in dispute as to the amount of the rent, the tenant, in order to avoid a default, must tender each month the amount he claims it to be, as an offer of the performance of his part of the contract.

The landlord's refusal to accept previous tenders could not excuse the tenant from continuing to make a tender each month, because the law requires either

payment or tender as consideration for each separate contract for a month's tenancy. While the tenant's nonpayment of rent did not automatically terminate the lease, his failure to make a tender for the months of September and October entitled the landlord to end the tenancy by some unequivocal act. *Thompson* v. *Coe,* 96 Conn. 644, 651, 115 A. 129. That act, in the instant case, was the service of the notice to quit. A tender thereafter, unless accepted, was unavailing. *Borst* v. *Ruff,* 137 Conn. 359, 361, 77 A.2d 343.

There is error, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff in error.

In this opinion the other judges concurred.