RALPH M. SCHWARTZBERG ET AL. *v.* AINE ARBOUR ET AL.

CIRCUIT COURT            FIFTEENTH CIRCUIT
FILE No. CV 15-611-5 (M)

Memorandum filed April 18, 1961

*Irving B. Shurberg,* of New Britain, for the plaintiffs.

*Andrew P. Denuzze,* of New Britain, for the defendants.

JACOBS, J. It is undisputed that the plaintiffs in their summary process action obtained a judgment

of possession of the premises described in the complaint as No. 8 Victory Court, in New Britain, at a session of this court *(Cicala, J.)* held on January 25, 1961, upon the ground of nonpayment of the rent and that on February 14, 1961, upon an application made therefor, an execution was issued.

On April 7, 1961, the defendants filed simultaneous motions in identical language by which they seek to vacate or stay the execution upon three alleged grounds: (1) the "execution is void because of a new rental agreement which was created by the plaintiffs' accepting rent"; (2) the "acceptance of rent created a new oral month to month contract"; (3) the "execution cannot stay in force ad infinitum." In support of their motions, the defendants called Hirschel Rabinow, an agent and representative of the landlords, whose testimony was substantially to the effect that the rental of the demised premises was $62.50 per month (although the monthly rental is not alleged and nowhere appears in the complaint); that the amount which was due to the plaintiffs as of January 19, 1961, was $250; and that the defendants made a payment of $50 on January 13, 1961, and an additional payment of $200 on February 23, 1961. He testified further that these payments were made at his office and that a receipt was issued showing that these payments were made for use and occupation. It is also undisputed that the defendants are now in arrears to the extent of $125, representing two months' rent. Having called Rabinow as their witness in support of their claims and having sought the benefit of his testimony by putting him on the witness stand, the defendants are bound by his testimony. *Schmeltz* v. *Tracy*, 119 Conn. 492, 498. No attempt was made to disprove his testimony by other witnessess; *McCue* v. *McCue*, 100 Conn. 448, 453; nor by testimony of the defendants.

In support of their motions, the defendants cite the following cases: *Welk* v. *Bidwell*, 136 Conn. 603; *DiCostanzo* v. *Tripodi*, 137 Conn. 513; *Kligerman* v. *Robinson*, 140 Conn. 219; *Vogel* v. *Bacus*, 133 Conn. 95; *Lorch* v. *Page*, 97 Conn. 66.

In the *Welk* case, supra, the court *(Inglis, J.)* reviewed a narrow issue of law. It was put in this way (p. 604) : "The question raised by the plaintiff's appeal in this action is whether in the case of a month-to-month tenancy the tenant, by holding over after the landlord has notified him of an increase of rent, becomes obligated to pay that increase in spite of his protest." Other questions, not relevant here, such as constructive eviction by the landlord and damages to the defendant's personal property, were raised and decided on the defendant's appeal. None of the issues in the *Welk* case are applicable to the case at bar. In the *DiCostanzo* case, supra, which was a suit for rent, the court concluded (p. 515) under facts and circumstances similar to those in the *Welk* case: "Since, in the absence of circumstances not present here, no contract can be implied from the mere holding over *(Shulman* v. *Hartford Public Library*, 119 Conn. 428, 432 . . . ), there was no contract, and the case falls squarely within the holding of *Welk* v. *Bidwell*, 136 Conn. 603 . . . ." In the *Kligerman* case, supra, the court said (p. 220) : "The sole question is whether a tenant under a month-to-month lease is excused from tendering each month the amount of the rental he claims is due but which the landlord had refused to accept when it was tendered for several months preceding." No such question is involved in the instant case. There is no dispute between the parties to this action as to the amount of the monthly rental, as there was in the *Kligerman* case. In *Vogel* v. *Bacus*, 133 Conn. 95, the court was called upon to review the validity of a notice to quit. The question there was whether

premises described as 493 Main Street, when the landlord was actually seeking possession of premises at 487 Main Street, and which were in fact occupied by a person other than the tenant constituted a legally valid notice. The trial court *(Gross, J.)* held the variance in numbers immaterial and entered judgment for the landlords. Upon the record before it, the Supreme Court held the notice invalid. The defendants also cited *Lorch* v. *Page,* 97 Conn. 66, in support of their claims, but here, too, as in the *Vogel* case, supra, the validity of the notice to quit was under consideration. Indeed, as the court itself posed it (p. 69), "[T]he sole question raised upon the appeal is whether a true and attested copy of the original notice is the 'duplicate copy' of the notice to quit which the statute requires to be served in order to constitute a legal notice." The cases cited by the defendants do not reach the essential question they raise in their memorandum of law: "Did the acceptance of the rent of $200.00 on February 23, 1961 constitute a new month-to-month tenancy?"

In *Casner* v. *Resnik,* 95 Conn. 281, relied upon by the landlords in opposition to the defendant's motions, the landlords' action in summary process was based on an alleged failure to pay the rent due for three months (August, September and October). The tenant pleaded tender. On the first trial, the jury found for the tenant, but a new trial was ordered by the Court of Common Pleas. Before the second trial, the tenant filed a second defense in the nature of a plea puis darrein continuance (plea since the last continuance), alleging payment. To this plea, the landlords averred that the payments were not made and received as rent but by express agreement were for use and occupation and without prejudice. Two main issues were raised on appeal: (1) whether the tenant had made an unconditional

tender of the rent due for August, September and October and whether subsequent payments which were admittedly made were tendered and accepted as rent under the lease; and, (2) whether the payments were made and accepted, as the landlords claimed, under an express stipulation that they were merely for use and occupation, and without prejudice to pursue the landlords' legal remedies. The court *(Beach, J.)* examined the trial court's charge on the issues as framed and concluded it was correct.

In the case at bar, upon the hearing on the motions, the court did not have the advantage of the testimony of the tenants. The only evidence offered by the defendants, as previously mentioned, was that of Hirschel Rabinow. The court must conclude upon the evidence that the defendants left the payments in the office of Rabinow after being advised by the terms of the receipt issued by his office that the money was accepted as payment for use and occupation. There were no circumstances disclosing an agreement to continue the lease. See *Webb* v. *Ambler,* 125 Conn. 543, 551; Greenberg, "The Action of Summary Process," 33 Conn. B.J. 62.

One further point requires comment. The defendants, in the third ground of their motions, claim that the execution cannot stay in force ad infinitum. By the terms of the last paragraph of the execution, the civil officer is required to "make due return of this writ, with your doings thereon, according to law, within sixty days next coming."

The motions to stay and to vacate the execution are denied. Nothing contained herein is to be construed as passing upon the validity or invalidity of the execution which was issued on February 14, 1961. This opinion is limited solely to the issues presented upon the hearing.