JOURNAL PUBLISHING COMPANY, INC. *v.*
DANA R. FORTIER

SUPERIOR COURT
JUDICIAL DISTRICT OF HARTFORD-
NEW BRITAIN AT HARTFORD

HOUSING SESSION
FILE No. SPH-8401-22183

Memorandum filed June 7, 1984

*Jeffrey M. Carlson,* for the plaintiff.
*Perakos & Coe,* for the defendant.

A. ARONSON, J. Plaintiff-sublessor brings this summary process action seeking possession of the premises claiming that the defendant-sublessee failed to pay common area maintenance expenses, water expenses, late charges for rental payments and real estate taxes. No claim is made by the sublessor that the fixed monthly rent recited in the lease is currently unpaid.

On December 1, 1982, the plaintiff-sublessor, using a lease form its attorney had prepared for a prior tenant, entered into a sublease arrangement with the defendant sublessee for approximately 6500 square feet of a commercial building, with a total square footage of 35,000 square feet. The sublessee obligated itself to pay the following: (1) monthly rent; (2) five percent late charge on monthly rental charges not paid by the seventh calendar day of the month. For each seven-day period thereafter, the sublessee incurs an additional 5 percent late charge; (3) sublessee's proportionate share of sublessor's expense in maintaining fire and extended insurance coverage on the building and improvements of the demised premises; (4) all water, gas and electric charges when due; (5) sublessee shall pay its proportionate share of real estate taxes as and when billed by the sublessor; (6) sublessee shall pay, as additional rent, its proportionate share of the cost of maintaining the common areas, roadways, parking lot, walks and grounds of which the demised premises form a part.

Paragraph six of the lease requires that the sublessee shall provide a security deposit of $1375 to be held by the sublessor as security for the "full and timely performance" by the sublessee of its obligations under the lease. This paragraph six permits the sublessor to apply any portion of the security to cure any default in the sublessee's performance. The sublessee has the obligation to restore the security deposit to its full amount upon receiving proper notice from the sublessor.

Although paragraph four (e) of the lease refers to the acceptance of rent or failure to reenter by the sublessor due to defaults of the sublessee as not a waiver of the sublessor's right to terminate the lease, no other provision is contained in the lease which gives the sublessor a right to terminate the lease for failure to pay the charges forming a basis for this summary process action. Indeed, this lease specifically provides for the sublessee to maintain a security fund of $1375 from which the sublessor may reimburse itself for unpaid charges.

The sublessor has provided in the lease for a substitution of a security fund in lieu of its right to terminate the lease for a failure to pay charges and assessments.

Even though the issuance of a notice to quit may be an act which is sufficiently unequivocal to terminate the tenancy; *Borst* v. *Ruff,* 137 Conn. 359, 361, 77 A.2d 343 (1950); the provision in the lease for an alternate remedy for nonpayment negates this inference to be drawn from the issuance of the notice to quit. *Webb* v. *Ambler,* 125 Conn. 543, 550, 7 A.2d 228 (1939). In effect, the sublessor gave up the right to possession in the event of a default in favor of collecting the unpaid charges from the security fund. See *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* 139 Conn. 598, 601, 96 A.2d 217 (1953).

The court has consistently held that the termination of a lease, in a landlord-tenant relationship, is the foundation upon which our summary process action rests. General Statutes § 47a-23 (a); *Prevedini* v. *Mobil Oil Corporation,* 164 Conn. 287, 292, 320 A.2d 797 (1973); *Feneck* v. *Nowakowski,* 146 Conn. 434, 436, 151 A.2d 891 (1959); *Jo-Mark Sand & Gravel Co.* v. *Pantanella,* supra, 600; *Cohn* v. *Fennelly,* 138 Conn. 474, 476, 86 A.2d 183 (1952); *Webb* v. *Ambler,* supra, 550; *Evergreen*

*Corporation* v. *Brown,* 35 Conn. Sup. 549, 553, 396 A.2d 146 (1978). Without a proper termination of the lease, the plaintiff is not entitled to possession. Id.

Accordingly, since the court finds no termination of the lease, judgment may enter for the defendant.