[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action the plaintiff seeks to evict the defendant for non-payment of costs related to refuse removal. Although the lease between the parties specifies that the defendant will be responsible for these costs, the plaintiff disavows reliance on the lease as the basis of her claim. Instead, in an interesting application of the collateral estoppel doctrine, she claims that a prior small claims judgment awarding her the costs of refuse removal for a previous year requires that judgment be entered in her favor in the present case.
The essential facts giving this rise to this dispute are not contested. In 1979, the defendant and plaintiff's predecessor in interest entered into a lease agreement for rental of office space for defendant's medical practice. In 1989, the parties, pursuant to an option to renew, extended the lease for an additional five years at a monthly rental of $1013. In addition the lease charged as additional rent .0472 of any increase in the annual cost to the landlord for various maintenance costs including the cost of refuse removal. In 1990, the defendant informed the plaintiff that he would no longer reimburse the plaintiff for refuse removal, claiming that federal regulation required that biomedical waste be disposed of in a specialized manner. Because the defendant would be assuming the cost of that disposal he declined to pay for refuse removal pursuant to the lease. Thereafter the plaintiff initiated suit in small claims court, seeking judgment for the amount due under the lease for refuse removal for 1990. After a contested hearing the attorney-magistrate entered judgment for the plaintiff. CT Page 6526
In October 1991, the plaintiff submitted a bill to the defendant for the defendant's cost of refuse removal for the first seven months of 1991. This time, however, the bill was not calculated in accordance with the factor set forth in the lease (.0472), but rather according to a different formula (.0679) unilaterally adopted by the plaintiff. The defendant again refused to pay the bill, pointing out in a letter to her that plaintiff used the wrong multiplier and requesting that she provide him with an explanation of the underlying charges This summary process action then ensued, with plaintiff alleging non-payment of rent. The parties agree that the monthly base rent has been paid, and that what is in dispute the annual charge for refuse removal, also denominated as rent in the lease.
Recognizing that a claim that defendant refused to comply with the lease might be unavailing since she herself did not adhere to it, plaintiff argues that under the doctrine of claim preclusion the determination in small claims court that defendant was responsible under the lease for the 1990 refuse removal requires that judgment for the plaintiff enter in this case. In short plaintiff argues that since the defendant lost the same argument in small claims court he is now barred from relitigating that issue in the present forum.
"Where an issue of ultimate fact (1) was fully and fairly litigated in a prior action between the parties, (2) was actually decided by the court in that prior action, and (3) was necessary to the judgment rendered in the prior action, that factual determination may be given collateral estoppel effect in a subsequent action between the parties." Carnese v. Middleton, 27 Conn. App. 530, 540-41 (1992) (cites omitted). "The doctrine of collateral estoppel is a limited one. Collateral estoppel can be applied only to bar relitigation of facts that were formally put in issue and ultimately determined by a valid, final judgment." Id., at 542. In the present case plaintiff seeks to give preclusive effect to the small claims judgment rendered in connection with the dispute arising out the non-payment of 1990 refuse costs, even though the allegations in the present summary process case concern non-payment for the first seven months of 1991. Under these circumstances Carnese v. Middleton, Id., prohibits giving collateral estoppel effect to the small claims judgment. In that case the Appellate Court held that a judgment in a previous summary process action based on non-payment of rent would not be given preclusive effect in a subsequent action unpaid rent when the second action seeks damages for a rental period not the subject of the first litigation.
Further, plaintiff's effort to collaterally estop CT Page 6527 defendant from relitigating his obligation to pay for refuse removal fails under one of the exceptions to the general rule of issue preclusion. Restatement of Judgments 2d Sec 28 sets forth a number of exceptions to the rule:
 28. Exceptions to the General Rule of Issue Preclusion
 Although an issue is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment, relitigation of the issue in a subsequent action between the parties is not precluded in the following circumstances:
 (3) A new determination of the issue is warranted by differences in the quality or extensiveness of the procedures followed in the two courts or by factors relating to the allocation of jurisdiction between them;
In the present case, the earlier litigation between the parties occurred in the small claims court. There are significant and substantial differences between the two forums which make it inappropriate to give preclusive effect to a small claims determination in a Superior Court action. The purpose of small claims is "to secure the prompt and inexpensive hearing and determination of small claims by a simplified agenda designed to allow the public maximum access to and use of the court in connection with such claims. . . . All proceedings shall be simple and informal. The services of an attorney at law are permissible but not obligatory." Conn. Prac. Book Sec. 547. Consistent with this mandate, the rules governing small claims actions suggest a procedure markedly at variance with that utilized in Superior Court proceedings. For example, pursuant to Conn. Prac. Book Sec. 533, the court file shall consist only of the small claims writs or cards, envelopes or folders. Any written papers such as motions or briefs need not be filed or preserved so long as substance of the filings are recorded. Further, certain motions otherwise available in Superior Court are unavailable to challenge the legal sufficiency of the complaint. Conn. Prac. Book Sec. 568. Discovery is substantially curtailed. Sec. 571. Although the witnesses must be sworn, the rules of evidence do not apply, nor are the proceedings recorded. Sec. 575. Finally, in the context of a fact bound small claims judgment a defendant, as a practical matter, has no right of appeal although a writ of error may be taken, a limited appellate remedy. "A writ of error may not assign as error, nor may we review on a writ of error . . . allegations of fact . . . Matters CT Page 6528 occurring at the trial, as rulings on evidence have no place a writ of error." McClain v. Robinson, 189 Conn. 663, 668
(1983) (internal citations omitted).
Given the substantial differences between the two proceedings it is inappropriate to give preclusive effect to the small claims judgment. The defendant would suffer substantial prejudice if he were barred from contesting his obligation under the lease when (1) there is no record of the small claims proceeding; (2) the basis of the magistrate's finding is unknown and unknowable; (3) the judgment resulted from a process that is purposefully designed to be "simple and informal"; and (4) there is no practical right of appeal. "[T]here may be compelling reasons why preclusion should not apply. For example, the procedures available in the first court may have been tailored to the prompt, inexpensive determination of small claims and thus may be wholly inappropriate to the determination of the same issues present in the context of a much larger claim. The scope of review in the first matter may have been very narrow." Commentary, Restatement of Judgments 2d, Sec. 28. See, also, Village Supply Co., Inc. v. Iowa Fund, Inc., 312 N.W.2d 551 (1981).
Since the plaintiff cannot prevail in this action sole on the strength of the small claims action, the remaining question is whether she has proven the allegations in her complaint based on the evidence presented at trial. Factually and legally the principal dispute in this case centers on whether the defendant is obligated to pay for refuse removal when the plaintiff admittedly calculated defendant's bill, not on the basis of the formula set forth in the lease, but rather on one unilaterally and arbitrarily devised by her. Since it is axiomatic that a party cannot unilaterally alter the terms of the lease, defendant would ordinarily prevail in this action, except that the defendant himself did not tender the amount he believed he correctly owed. A tenant who disputes the amount owed must sue to recover the amount overpaid or tender what he believes is the correct amount. "[I]f the parties are in dispute as to the amount of the rent, the tenant, in order to avoid a default, must tender each month the amount he claims it to be. . ." Kligerman v. Robinson, 140 Conn. 219
(1953).
The evidence in the present case discloses that in October, 1991, plaintiff presented defendant with a refuse bill for the first seven months of 1991. The defendant's obligation was arrived at by the plaintiff multiplying the total refuse cost by the factor of .0679. Since the lease called for a multiplier of .0472, defendant could have tendered to the plaintiff an amount based on that factor, an amount defendant CT Page 6529 calculates at about three hundred dollars less than plaintiff's bill. Although defendant testified that he is and was ready and willing to pay for his portion of the refuse removal once the dispute was resolved, he unfortunately failed to comply with his obligation to pay the disputed amount of tender a lesser sum.[1] Consequently, judgment shall enter for plaintiff on count 2. Judgment for defendant on count 1.
ROBERT L. HOLZBERG, JUDGE.