[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, a nonprofit organization operating an independent living facility for severely physically handicapped adults (See C.G.S. § 19a-507), seeks to evict the defendant ultimately on the grounds of nonpayment of rent. After a protracted and difficult history in this court, including a Stipulated Judgment and Motion to Open, the case went to trial, with the defendant alleging, inter alia, as a special defense, payment of rent prior to the notice to quit. The notice to quit was served on November 17, 1993, and the complaint alleges nonpayment of rent for November.
The court heard considerable testimony regarding the failure of the defendant to pay October 1993 rent. The defendant admitted that he had used October rent for other purposes and that the October rent was not paid in full. As to November, the testimony and exhibits establish that the defendant made a payment in an amount equal to rent due in November. Exhibit 3, the plaintiff's ledger sheet reflecting changes by the plaintiff's manager and primary witness, indicates that on November 4, 1993, the plaintiff accepted "rent payment" of $3508.40. It is undisputed that after that payment there was a balance owing to the plaintiff of over $2000. (Ex. 3)
The written lease between the parties expired July 31, 1993 (Ex.1), and there was no subsequent written lease between the parties. The provision re: Holding Over from Ex. 1 reads
 22. Holding Over. If you continue to occupy the apartment with our consent after the lease ends, this lease will be on a monthly basis. In that case, either you or we can send a notice to the other and cancel the lease at any time. All other terms of the lease still CT Page 801 apply.
While the plaintiff argues that this provision does not create a month to month tenancy, case law would suggest otherwise. InBushnell Plaza Development Corporation v. Fazzano,38 Conn. Sup. 683 (1983), the facts on this issue are analogous. In that case, the written lease had expired and contained the following provision:
 If a tenant continues in possession of the premises with the consent or acquiescence of lessor after the expiration of this lease . . . such continued occupancy shall be construed to be a month to month tenancy under the terms and conditions of this lease.
38 Conn. Sup. at 685, note 1.
The Appellate Session found that a month to month tenancy was created. In this case, based upon the language of the holdover provision and the testimony of the parties, the court finds that the holdover tenancy was a month to month tenancy. C.G.S. §47a-3d.
That being so, the issue is whether the payment accepted by the plaintiff on November 4, 1993 was rent for November, the alleged month of nonpayment. The evidence convinces the court that the plaintiff accepted the November 4, 1993 payment as rent. The plaintiff's ledger sheet (Ex 2-4) is the sole documentary evidence on this issue; and, as previously noted, Ex. 3 indicates that the November 4th payment was accepted as rent on that date. Without a document indicating that the November 4th payment was accepted towards the arrearage owed from October, it is assumed that the payment is for the current month of November. In a month to month tenancy, each month begins a new tenancy. Kligerman v.Robinson, 140 Conn. 219, 221 (1953) ("The tenancy for each month is separate and distinct from that of every other month.");Berlingo v. Sterling Ocean House, 5 Conn. App. 302, 307 (1986);Brown v. Gilbert, H-525 (March 6, 1984) (Aronson, J.). The acceptance of the November 4, 1993 rent payment defeats the plaintiff's cause of action for nonpayment of rent in November.Simsbury Turnpike Realty Co. v. Great Atlantic Pacific Tea Co.,39 Conn. Sup. 367, 370 (1983) ("[I]n order to maintain an action for summary process for the nonpayment of rent, the lessor must allege and prove a termination of the lease prior to a tender of rent by the lessee."); Ken v. Paulette, H-99 (September 25, 1979) CT Page 802 (Spada, J.). Since rent was tendered and accepted prior to the service of the notice to quit, judgment must enter for the defendant.
Alexandra Davis DiPentima, Judge