[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
In this summary process action, the plaintiff landlord seeks to evict the defendants tenants for non-payment of rent for the month of March 1995.
The plaintiff testified that no rent was paid for January, February or March. The defendants asserted four special defenses, the last of which was withdrawn at the conclusion of the trial. No defendant appeared at trial and evidence as to these defenses was presented through two city inspectors.
 I.
The defendants introduced evidence via a report of a housing CT Page 11206 inspector of numerous code violations. This inspector received the complaint from the defendant Batts-Davis on March 16, 1995. The plaintiff received the notice of the violations after April 11. The plaintiff testified as to the more serious defects and asserted that these conditions were created by acts of the occupants. There was some corroboration from a workman as to the abuse of the premises. The city plumbing inspector characterized one defect as "not that dangerous" after the defense suggested the condition was a serious defect. There was testimony of graffiti in locations accessible only to the apartment's occupants. The housing inspector admitted that housekeeping standards of the defendants were not good and that the "missing tiles" complained of had been in place because their imprint was still visible in the mastic.
It is the conclusion of the Court that the defendants inflicted much of the damage existing and caused many of the violations complained of. Further, the conditions testified to in open court do not materially affect health and safety. The first special defense must fail.
 II.
The defendants allege in their second special defense that smoke detectors were absent from the rental unit and so the plaintiff cannot collect rent and, and it follows, evict them for non-payment.
As with the other code violations, the plaintiff claimed smoke detectors were installed in the unit but were removed by the defendants. He claims to have witnessed such removal. The housing inspector noted detectors were in place in the public areas but didn't remember whether or not he saw them in the apartment. The Court finds the plaintiff a credible witness and accepts his testimony that detectors were installed but were removed by the occupants.
 III.
The third special defense sounds in contract, the defendants contending that there was no agreement as to the amount of rent to be paid for March and thus no lease for March. In the absence of a valid lease, the plaintiff's complaint would be insufficient. (It should be noted that the plaintiff appeared pro se).
The defendants paid no rent in January or February, 1995 and CT Page 11207 the plaintiff had waived the December 1994 rent because it was Christmas and Batts-Davis was "hard up". When she moved into the unit in October of 1994, she paid the agreed upon rent of $450 — the amount claimed to be due for March 1995.
In February, the defendant Batts-Davis told the plaintiff she would pay one-half of the rent because of some "problems" with the unit. The plaintiff refused to agree to this. There was no tender of any amount at any time in February or March by the defendants.
Were the Court to accept the defense contention under these circumstances, it would be virtually impossible for any landlord to evict a tenant on a month to month tenancy for non-payment. The tenant is obligated to do more than just create a controversy, a tender is required.
 ". . . if the parties are in dispute as to the amount of the rent, the tenant, in order to avoid a default, must tender each month the amount he claims it to be, as an offer of the performance of his part of the contract."
Kligerman v. Robinson, 140 Conn. 219, 221 (1953).
Conclusion
The defendants having failed to sustain their burden of proof on their special defenses and the plaintiff having proved non-payment of rent (which was conceded by the defense) judgment may enter for the plaintiff to recover possession of the premises.
Anthony V. DeMayo State Trial Referee