[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO SET ASIDE AND RE-ARGUE
The Court has previously found that the defendants caused much of the damage of which they complained in a special defense. It was also found that the defects existing did not materially affect health and safety.
The Court therefore concluded that the defendant Batts-Davis did not act in good faith when she purported to object to paying the March rent. She did not appear at trial to justify her action.
The Court disagrees with the defense contention that this feigned disagreement automatically negates this summary process action because one cannot be sued in summary process for failing to pay use and occupancy.
The defendants are liable for the payment of rent until the Court determines that there was a real disagreement and/or that the tenants were excused from the payment of rent by virtue of defective premises. This conclusion is perfectly consistent with §§ 47a-3c and 3d which protects the tenant who acts in good faith. Nor does this conclusion do violence to the statutory scheme involving summary process actions, for under §47a-14h, a sincere tenant can pay into court a sum for use and occupancy, defend against eviction, and yet afford equitable CT Page 12421 treatment to the landlord.
The decision in Kligerman v. Robinson, 140 Conn. 219 (1953) is still viable. To adopt the defendants' theory, one assumes the inequitable position that in a month to month tenancy (which comprise the bulk of the housing market in low rent facilities), the tenant controls and renders the legal conclusion. By saying "I disagree" he forces the landlord to lose a month's rent and postpone the summary process action for a full month till he can proceed on the theory of "lapse of time."
The defendants' premise is illogical and inequitable and is rejected by this Court. The summary process statutes should be read and applied to do justice. The Court's interpretation does that. The motion is denied.
Anthony V. DeMayo State Trial Referee