[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO REARGUE
The defendant's motion to dismiss manifests the vexing tendency in the Housing Session to front-load all issues under the guise of jurisdiction. "Jurisdiction involves the right to adjudicate concerning the subject matter in a given case. For the establishment of this right there are three essentials: first, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and third, the point decided must be, in substance and effect, within the issue." Telesco v. Telesco, 187 Conn. 715,719-720, 447 A.2d 752 (1982). "Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. Killinglyv. Connecticut Siting Council, 220 Conn. 516, 522, 600 A.2d 752
CT Page 12351 (1991), quoting Demar v. Open Space Conservation Commission,
[211 Conn. 416, 425, 559 A.2d 1103 (1989)]; see also Cross v.Hudon, 27 Conn. App. 729, 732, 609 A.2d 1021 (1992)." Woodward v.Woodward, 44 Conn. App. 99, 102, 683 A.2d 1010 (1997).
There is no doubt that the Superior Court is authorized to hear summary process cases; the Superior Court is authorized to hear all cases except those over which the probate courts have original jurisdiction. General Statutes § 51-164s. The jurisdiction of the Superior Court in summary process actions, however, is subject to a condition precedent. Before the court can entertain a summary process action and evict a tenant, the owner of the land must previously have served the tenant with notice to quit. Sandrew v. Pequot Drug, Inc., 4 Conn. App. 627,631, 495 A.2d 1127 (1985), citing O'Keefe v. Atlantic RefiningCo., 132 Conn. 613, 622, 46 A.2d 343 (1946); Abbenante v.Giampietro, 75 R.I. 349, 353, 66 A.2d 501 (1949); 50 Am.Jur.2d, Landlord and Tenant § 1205 [1970]." Lampasona v. Jacobs,209 Conn. 724, 728-29, 553 A.2d 175, cert. denied, 492 U.S. 919,109 S.Ct. 3244, 106 L.Ed.2d 590 (1989). "The failure to comply with the statutory requirements deprives a court of jurisdiction to hear the summary process action. Windsor Properties, Inc. v.Great Atlantic Pacific Tea Co., 35 Conn. Sup. 297, 301,408 A.2d 936 (1979)." (Emphasis added.) Bridgeport v. Barbour-DanielElectronics, Inc., 16 Conn. App. 574, 582, 548 A.2d 744 (1988), cert. denied, 209 Conn. 826, 552 A.2d 432 (1989).
Here, all statutory requirements have been satisfied. "The present notice to quit served as a proper basis for jurisdiction." Messinger v. Laudano, 4 Conn. App. 162, 164,493 A.2d 255, cert. denied, 196 Conn. 812, 495 A.2d 279 (1985). All the requirements of jurisdiction are present including a facially
valid notice to quit. To the extent that Journal Publishing Co.v. Fortier, 40 Conn. Sup. 100, 481 A.2d 1109 (1984), is at odds with the court's holding here, this court is not bound by that trial court decision. "Trial court cases do not establish binding precedent. J.M. Lynne Co. v. Geraghty, 204 Conn. 361, 369,528 A.2d 786 (1987)." McDonald v. Rowe, 43 Conn. App. 39, 43,682 A.2d 542 (1996).
The defendant points to this court's granting of a motion to dismiss in Piana v. DeGennaro, Superior Court, judicial district of New Haven, SPNH 9709-2163 (1997). An examination of that file reflects that the motion was granted without a memorandum of decision. Moreover, "[i]t cannot be gainsaid that error, however CT Page 12352 belatedly recognized, ought not to be perpetuated." Ladd v.Douglas Trucking Co., 203 Conn. 187, 196, 523 A.2d 1301 (1987).
The motion to reargue and for reconsideration is denied.
BY THE COURT
Bruce L. LevinJudge of the Superior Court