[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a summary process action based on nonpayment of rent for the month of May, 1998. The defendant[1] has admitted all six CT Page 8383 paragraphs of the complaint except paragraph three. The complaint alleges that in October, 1992, the parties entered into a lease whereby the defendants rented an apartment from the plaintiff and occupied that apartment. Paragraph three alleges that the "lease was renewed automatically for successive terms of one month at the monthly rental of $553.00." The complaint further alleges that the defendants failed to pay the rent due under the lease on May 1, 1998, that the plaintiff served a notice to quit on the defendant, and that the defendant remains in possession.
At trial, the lease was admitted into evidence. Paragraph 3 of the lease provides: "The Tenant agrees to pay $225.50 for the partial month ending on October 31, 1992. After that, Tenant agrees to pay a rent of $451.00 per month. This amount is due on the first day of the month. . . . The Tenant understands that this monthly rent is less than the market (unsubsidized) rent due on this unit. This lower rent is available either because the mortgage on this project is subsidized by the Department of Housing and Urban development (HUD) and/or because HUD makes monthly payments to the Landlord on behalf of the Tenant. . . ."
By letter dated March 26, 1998, the plaintiff informed the defendant that "HUD regulations and your lease require you to move to an appropriate sized unit with a 30 day notice." The plaintiff requested that the defendant move to another dwelling unit designated in the letter. The letter also stated: "According to HUDregulations, if you prefer, you may remain in your present unit atthe Fair Market rent of $553.00 starting May 1, 1993." (Emphasis in original.) Finally, the letter stated: "If you do not respond inwriting by April 10, 1998, we will assume that you intend to stayin your present unit and your rent will be increased to the FairMarket rent." (Emphasis in original.)
The defendant did not respond in writing, but verbally made it clear to the plaintiff that she did not agree to move nor did she agree to an increase in her monthly rent.
Paragraph 2 of the lease states: "The initial term of this Agreement shall begin on November 1, 1992 and end on October 31, 1993. After the initial term ends, this Agreement will continue for successive terms of one month unless automatically terminated as permitted by Paragraph 23 of this Agreement." The rental provided in the lease was $451.00. The rent the plaintiff demanded in May was $553.00. The defendant did not agree to that rent.
CT Page 8384
The law is that "a lease is a contract. In the case of a rental on a month-to-month basis the tenancy is not regarded as a continuous one. The tenancy for each month is one separate from that of every other month. Corrigan v. Antupit, 131 Conn. 71, 76,37 A.2d 697 [1944]; Chipman v. National Savings Bank,128 Conn. 493, 497, 23 A.2d 922 [1942]; Williams v. Apothecaries Hall Co.,80 Conn. 503, 506, 69 A. 12 [1908]. For each month, therefore, there must be a new contract of leasing. Where there has been no meeting of the minds there is no contract. If a landlord insists on one rate of rental and the tenant insists on another, there is no meeting of the minds." Welk v. Bidwell, 136 Conn. 603, 606-607,73 A.2d 296 (1950). In such a situation, however, our Supreme Court has held that the tenant must still tender to the landlord the amount of rent the tenant claims is due. Kligerman v. Robinson,140 Conn. 219, 99 A.2d 186 (1953); see Taylor v. Batts-Davis, Superior Court, judicial district of New Haven, No. SPNH 9504-42778 (Sept. 25, 1995 and Oct. 5, 1995) (DeMayo, J.); Saunders v. Spitz, Superior Court, judicial district of Hartford-New Britain at Hartford, No. SPH-9201-63978 (Jul. 9, 1992) (Holzberg, J.). Here, the defendant did not do so. For this reason, the court renders judgment in favor of the plaintiff.
BY THE COURT
Bruce L. LevinJudge of the Superior Court